## BROOKS *v.* MATLEDGE *et al.*

1. Where two creditors of a common debtor, who is insolvent, each has, relatively to the other, the highest lien upon a distinct parcel of real estate belonging to such debtor, and there are outstanding against the latter tax executions issued generally against him in personam and binding both parcels of the realty, the burden of discharging the liens of these executions should, as a general rule, upon equitable principles, be apportioned between the two lien creditors by making each of the two pieces of property liable ratably for its proportion of the whole amount of the taxes according to the respective valuations at which the property was assessed and returned for taxation.
2. This rule is not in a given case to be varied in favor of one of the lien creditors because his lien was in existence before, while that of the other originated after, the time when the lien of the taxes had attached; nor because the latter creditor's lien was a mortgage given to indemnify him against loss upon a liability as surety which had been assumed before the mortgage was given.

Argued January 23,—Decided March 4, 1897.

Rule against sheriff.  Before Judge Callaway. · Richmond superior court.  April term, 1896.

*C. Henry Cohen* and *Joseph R. Lamar*, for plaintiff.
*J. S. & W. T. Davidson*, for defendants.

COBB, Justice.

Bredenberg was the owner of a large amount of property both real and personal in Augusta, Ga. On April 2, 1885, he gave to Matledge a deed under section 2771 of the Civil Code, on certain real estate, to secure a loan of $25,000. On October 31, 1892, he gave a mortgage to Nurnberger on certain other real estate; this mortgage was given to secure Nurnberger as endorser on a pre-existing debt amounting to $2,500. Nurnberger transferred the note and mortgage to Henry Brooks as collateral security on a pre-existing debt. Brooks foreclosed his mortgage and had his execution levied upon the mortgaged property, which was sold October 2, 1894, for $1,725, and bought by Nurnberger & Company. The taxes due by Bredenberg on the property deeded to Matledge and the property mortgaged to Nurnberger, as well as all of his other property both real and personal, to the State and county for the years 1890, '91, '92, were not paid by Bredenberg, but on February 6, 1893, fi. fas. issued by the tax collector against Bredenberg in personam were paid by Matledge, and the fi. fas. transferred by the sheriff to him. Matledge obtained judgment on his debt November 16, 1892, and upon filing his deed of reconveyance, the property was levied upon, sold, and purchased by him. The amount realized from the sale of the property was $25,700, which, upon being credited upon his execution, left a balance due on his judgment of $5,7. 5, which is still unpaid. The sum realized from the sale the property mortgaged to Nurnberger was in court for distribution. This amount is claimed by the mortgage fi. fa. which caused the sale, and also by the tax fi. fas. held by Matledge, now amounting to $1,600. This $1,600 represents the taxes due on the Matledge property, on the Nurnberger property, and on all of the other property owned by Bredenberg during

the years in which these taxes were assessed. Matledge had the highest lien on the property deeded to him; Nurnberger's mortgage, now in the control of Brooks, was the highest lien on that piece of real estate, except the taxes. The personal property which is represented in the taxes has been disposed of by Bredenberg, and there is nothing before the court representing this property. Other real estate than that represented by the Matledge deed and the Nurnberger mortgage has been disposed of by Bredenberg who is totally insolvent. The question for decision now is, which piece of property should pay the tax executions now controlled by Matledge? The court has before it Matledge, and Brooks as the assignee of Nurnberger; the mortgage fi. fa. of Brooks; the tax fi. fas. of Matledge; and the fund produced by Brooks's mortgage. It was for the court to decide on a money rule how this fund should be applied.

Is it equitable that Matledge should collect the entire tax out of the fund brought in by Brooks's mortgage? Or is it equitable that Brooks should have the taxes due on property which he held as security paid by Matledge? Is it equitable that taxes upon property in which neither Matledge nor Brooks had any interest should be paid by either? Whatever might be the final equities in the case as against other persons who now hold real estate or personal property formerly belonging to Bredenberg, upon which these tax fi. fas. are a lien, with the parties now before the court it is certainly equitable and just that Brooks and Matledge should bear the burden of these tax fi. fas., in the proportion which the value of the property held by each, as it is shown by the tax digest, bears to the amount of taxes to be discharged. If there is other property of Bredenberg, real or personal, upon which these tax fi. fas. are a lien, then both Matledge and Brooks will be subrogated by this division of the burden to whatever lien the tax fi. fas. have as against the property held by other parties. The fact that Matledge's deed is older than the tax fi. fas., and the fact that Brooks's mort-

gage was to secure a pre-existing debt, does not affect the equity which requires a division of this tax burden ratably between them.

*Judgment reversed. All the Justices concurring.*