## SHEIBLEY *v.* CITY OF ROME *et al.*

1. A provision in the charter of a city, requiring assessors to return for city taxes all realty according to its market value on the first day of a certain month, and also requiring a return of all personalty owned by the taxpayer on the 15th day of that month, can not be enforced in any particular case where its effect will be to tax a vendor of land on both the realty and the proceeds of a sale thereof; whether in cash or promissory notes.

2. When the vendor has paid taxes on the purchase-money in such a case, the fi. fa. for taxes on the realty in the hands of the vendee as transferee can not be enforced by a levy on the property of the vendor.

Argued March 25, — Decided April 24, 1899.

Petition for injunction.    Before Judge Henry.    Floyd county.    August 2, 1898.

*J. W. Hoskinson* and *Nat Harris,* for plaintiff.

*Halsted Smith, C. W. Underwood, W. H. Ennis* and *R. L. Chamlee,* for defendants.

SIMMONS, C. J.    The charter of the City of Rome authorized the appointment of assessors of the real estate in the city, and required these assessors to return all such real estate, with their valuation thereof, by the first day of April of each year. These assessors returned a certain lot in the City of Rome as the property of Mrs. Sheibley.    The charter and the ordinances of the city also required the owner of personal property to return the same by the first day of May of each year. When these returns were made, the mayor and aldermen made the needful assessments, and the lien of the taxes dated from the 15th of April on both real and personal property. The tax here in controversy was upon the city lot returned on the first day of April as belonging to Mrs. Sheibley.    It appears that on April 5th, before the lien of the taxes on the lot accrued, she sold the lot to Chamlee.    She returned her personal property for taxes, including the purchase-money of this city lot and the notes given therefor; and she was taxed thereon and paid this tax, the city authorities giving her a receipt in full for the taxes on all of her property except this one lot.    The tax upon this lot she declined to pay.    Execution was issued by the municipal authorities against her for the taxes upon this lot, and was levied thereon.    To prevent

a sale of the lot, the purchaser, Chamlee, paid the taxes thereon and had the tax execution transferred to himself. He then had the execution levied by the marshal upon other real property owned by Mrs. Sheibley, who filed an equitable petition seeking an injunction against the levy and sale of her property under this tax execution. Upon hearing the application for injunction the judge refused the same, and Mrs. Sheibley excepted.

1. We think the court erred in refusing the injunction. Mrs. Sheibley did not own the lot upon which the taxes were assessed, at the time the lien of the taxes accrued in favor of the city. She had sold the lot to Chamlee ten days before the lien attached, and she paid taxes upon the purchase-money of the land. This tax, as sought to be enforced by the city, was a double tax upon Mrs. Sheibley for the same property. Neither the city authorities nor the General Assembly have the power to enact laws or ordinances which would have the effect of imposing a double tax upon the property of the citizen. Such ordinances or laws would be unconstitutional and therefore void. It is true that the municipal authorities claimed to have passed ordinances whereby a person, under circumstances such as these, could be relieved upon proper application to the mayor and council. The record discloses that Mrs. Sheibley did protest to the assessors against the double tax shortly after the tax lien attached, but the assessors ruled that she was liable to pay the taxes upon the money she had received from the sale of the land. Then, through an agent, she at once applied to the city council for relief from one tax or the other, and the city council promised to take the matter into consideration. No action was taken by the council. It seems to us that the council ought to have acted and relieved Mrs. Sheibley from this double tax, especially as the lien for the taxes had not attached when she sold the property. It was a tax assessed against her upon property which she did not own at the time the lien accrued, and she was not liable for it. Having applied to the assessors, who refused her application, and having applied to the mayor and council, who failed and neglected to act upon

her petition, she had no other recourse against this illegal tax than to seek an injunction from a court of equity. There was some effort made to show that Mrs. Sheibley agreed to pay the tax upon the land sold to Chamlee; but according to the evidence no such contract was shown to have been made by her or any agent lawfully authorized by her. It seems that Chamlee was misled by a legal opinion given him by a real-estate broker as to the law upon the subject, but Mrs. Sheibley was not bound by this opinion.

2. Moreover, Chamlee, the purchaser, having become the owner of the lot before the lien of the taxes accrued, was himself bound for the taxes. When he paid them, it was a payment of the execution, and he could not have it transferred to himself and levied upon other property of Mrs. Sheibley.

*Judgment reversed. All the Justices concurring.*