ASKEW *et al. v.* SCOTTISH AMERICAN MORTGAGE CO.

Where the owner of two parcels of land conveys to two different persons the respective parcels merely for the purpose of securing the payment of debts due each, and afterwards, though at different times, by relinquishments of his right to have the lands reconveyed to him upon payment of the debts, casts upon the holders of the security deeds the absolute title to the respective tracts of land, the holder of the security deed to whom the relinquishment was made later in point of time should, under the rule laid down in the Civil Code, § 5424, when the owner of the land is insolvent, be required to pay a sum which became due as taxes upon both parcels after the execution of the security deeds but before the dates of the respective relinquishments. *Merchants Nat. Bank* v. *McWilliams*, 107 *Ga.* 532, followed, and *Brooks* v. *Matledge*, 100 *Ga.* 367, distinguished.

Submitted November 13,—Decided December 11, 1901.

Complaint.   Before  Judge  Harris.   Troup  superior  court. February 4, 1901.

*D. J. Gaffney*, for plaintiffs in error.
*Longley & Longley*, contra.

COBB, J.   The Scottish American Mortgage Company brought against Askew and Lane an action to recover a portion of a sum of money which the plaintiff had paid as taxes on certain lands, it being alleged that the defendants were liable to the plaintiff in the amount set forth in the petition.   The case was submitted to the judge on an agreed statement of facts, the substance of which was as follows :   E. M. Owensby was the owner of 1,400 acres of land. In 1890, to secure the payment of a sum of money borrowed from the plaintiff, he made to it a deed, which was absolute on its face, to two tracts of land, one of these tracts containing 150 acres and known as the "Bill Williams place," and the other containing 250 acres.   At the same time the plaintiff gave to Owensby a bond to reconvey these lands upon payment of the debt.   In 1895, to secure a loan made by the defendants, Owensby made them a deed to the remainder of the land which he owned.   Owensby remained in possession of the entire 1,400 acres, and in 1896 the taxes due on this land were assessed against Owensby and a tax execution issued against him.   This execution was levied on the Bill Williams place, which was sold for the purpose of collecting the amount due as taxes on the entire 1,400 acres.   In August, 1896, Owensby relinquished to the defendants all right, title, and interest which

he had in and to the 1,000 acres conveyed to them as security, and they took possession of the land.    Some time after this — it does not appear exactly when — Owensby relinquished all claim to the plaintiff to the land conveyed to it as security, on the ground that the land was not worth as much as the amount of the debt to secure which the deeds had been given.    At the time when the Bill Williams place was sold for the payment of the taxes Owensby was insolvent, and has been so ever since.    On this state of facts the court rendered a judgment in favor of the plaintiff for $80.50, this being the portion of the sum due as taxes on the 1,400 acres owned by Owensby which, in the opinion of the judge, the defendants were liable to pay.    To this judgment the defendants excepted.

By Civil Code, § 5424, it is provided that where property is subject to a lien and part of it is sold by the debtor, the part remaining in him should be first applied to the payment of the lien.    If the property subject to such lien is sold in several parcels at different times, the parcels should be charged in the inverse order of their alienation.    It is contended by the Mortgage Company that inasmuch as the security deed to it antedated by several years the security deed to the defendants, they should, under the rule laid down in the code, be made to bear the entire amount of the taxes, and hence that they can not complain because they were made to bear only a portion of this amount.    This contention would undoubtedly be sound, if the deeds to the respective parties had conveyed the absolute title to the property.    But we do not think the rule laid down in the foregoing section is applicable to deeds which are given merely to secure a debt, with the right to have a reconveyance of the land when the debt is paid.    It is true that a security deed conveys the title and that an action of ejectment can be founded on such a title, but at the same time such an action could be defeated at any time by the payment of the debt.    The title conveyed by a security deed is not an absolute title.    It is a title which, so far as the grantor is concerned, operates simply as a lien to secure the payment of a debt due the grantee.    We do not think the words "sold" and "alienation," as used in this section, can be properly construed to apply to such an instrument.    The security deeds, therefore, are, in a contest between the respective holders as to who shall pay the taxes, to be treated as mere liens.    This being true, and these deeds having been made before the lien for taxes

had attached, it would seem to follow that, if nothing more appeared, the equitable rule of contribution laid down in the case of *Brooks* v. *Matledge*, 100 *Ga.* 367, would be applicable. See also, in this connection, *Reynolds* v. *Wood*, 111 *Ga.* 854. Inasmuch, however, as it appears that both the parties to this proceeding did afterwards acquire the absolute title to the respective tracts of land conveyed to them as security, the question as to who shall pay the taxes is to be determined by reference to the respective dates at which they acquired the absolute title. As the lien for taxes had attached when both of the parties secured relinquishment of the right of the owner of the land to have it conveyed to him upon payment of the debt, and as the effect of this relinquishment was to cast upon the parties the absolute, indefeasible title to the respective tracts of land, the liability of the parties for the taxes must be fixed by a reference to the respective dates on which these relinquishments were made. Consequently, as it appears that the relinquishment to the Mortgage Company was subsequent to that to the defendants, the Mortgage Company, under the rule laid down in the code, should be required to pay the entire sum due as taxes, it appearing that at the date when the tax lien attached, and ever since that time, the owner of the land was and has been insolvent. Treating the parties as holders of the absolute title to the respective tracts of land, by virtue of the relinquishments made by the owner of the land, the case of *Brooks* v. *Matledge*, supra, is clearly distinguishable from this case, and can not be regarded as authority for requiring contribution in the present case. What was really ruled in *Brooks* v. *Matledge*, construed in the light of the facts of that case, was that mere lien-holders, who acquired their liens before the lien for taxes had attached, would be required to contribute, and the distinction between that case and cases like the present is clearly pointed out by Mr. Justice Little in *Merchants National Bank* v. *McWilliams*, 107 *Ga.* 532, 535. The rule laid laid down in this latter case is the one applicable to the present controversy, and that was, that, "When property is sold and conveyed by a common grantor at different times and to different purchasers, and taxes having a lien on all the property sold are due, the last property sold is primarily bound for the payment of all such taxes." See also *Reynolds* v. *Wood*, supra.

*Judgment reversed. All the Justices concurring.*