## PATTON *et al.,* executors, *v.* CAMP, sheriff.

A owned two pieces of real estate of approximately equal value, which were mortgaged respectively to B and C. B foreclosed his mortgage, and the property which it covered was sold by the sheriff. Prior to the sale, tax executions against A were placed in the hands of the sheriff, with instructions to claim any money coming into his hands. · The sheriff applied the money realized from the sale under the foreclosure of B's mortgage first to the payment of the tax execution and court costs, and paid the remainder to the attorney for B, leaving an unpaid balance due on the mortgage. Subsequently C's mortgage was foreclosed, and the property which it covered sold. B sought a rule against the sheriff to require him to prorate the amount due on the tax executions between the two pieces of property, but did not make C a party or bring into court any fund arising from the sale under the foreclosure of C's mortgage. *Held,* that the rule was properly discharged.

Submitted July 16, — Decided August 12, 1904.

Money rule. Before Judge Henry. Floyd superior court. January 26, 1904.

*Rowell, Copeland & Rowell* and *C. M. Yeates*, for plaintiffs, cited *Ga. R.* 107/532; 100/367; 84/34; 66/620; 3 Otto, 428–9.

*Fouché & Fouché*, for defendant, cited Civil Code, § 2791; Pol. Code, §§ 883, 888; *Ga. R.* 114/564; 100/367.

CANDLER, J. The plaintiffs in this case, as executors of the estate of Mrs. Helen A. Nevin, brought their petition for a rule against the sheriff of Floyd county, making substantially the following case: A certain mortgage fi. fa. in favor of Mrs. Nevin for $1,000 principal, and $96.66 interest, besides costs, was placed in the hands of the sheriff, and was by him levied on property set forth in the fi. fa. At the regular sheriff's sales on the first Tuesday in October, 1902, the property was sold for $1,205. After paying the costs of the proceeding, amounting to $45.03, the sheriff applied $124.91 of the fund to the satisfaction of two executions for State and county taxes for the years 1901 and 1902, leaving a balance of $1,034.06, which was applied to petitioner's fi. fa., the amount remaining due thereon after such application being $82.60. By amendment it was alleged that at the time of the sale under the mortgage foreclosure, the defendant in fi. fa., Mrs. Nance, owned another piece of property of equal value with the one sold under Mrs. Nevin's mortgage fi. fa.; that there was a surplus left in the hands of the sheriff after satisfying Mrs. Nevin's fi. fa., sufficient to pay the pro rata share of the taxes the property sold under her fi. fa. should have borne, without encroaching on the amount due on the mortgage fi fa.; and it was prayed that the amount due on the tax executions be prorated equally between the two pieces of property mentioned, and that $62.45 of the fund arising from the sale on the first Tuesday in October, 1902, be applied to the satisfaction of the tax fi. fas., and the balance of $62.45 applied to the payment of the balance due on the mortgage. By further amendment it was alleged that Mrs. Nance was insolvent at the time of the sale of the property on the first Tuesday in October, 1902. A rule nisi was issued against the sheriff, who answered, admitting that the mortgage fi. fa. for the sum stated was placed in his hands and that it was levied on the mortgaged property. His answer fur-

ther set up, that prior to the sale of the property there were
placed in his hands one fi. fa. for State and county taxes due by
the defendant in fi. fa. for the year 1901, and another for taxes
due the City of Rome for the same year; that these fi. fas.
amounted to $124.91, and that upon the sale of the property he
had applied the proceeds of the sale first to the extinguishment
of the tax fi. fas., and the payment of the costs of the mortgage fi.
fa., and had paid to the plaintiffs' counsel the balance derived
from the sale.    The case was by agreement tried before the judge
of the court below without the intervention of a jury.    On the
trial it appeared from the evidence, that the sheriff had settled
with the plaintiffs' attorney on October 14, 1902, and that
at that time he told the attorney that he had in his hands the
two tax fi. fas. already mentioned; that at that time the attorney
called the attention of the sheriff to the fact that Mrs. Nance
owned another piece of property of · equal value to the one sold
under Mrs. Nevin's mortgage fi. fa., upon which there was a
mortgage in favor of Mrs. Laura Watson; and that the property
last mentioned was sold under foreclosure proceedings brought by
Mrs. Watson in March, 1903, five months after the sale of the
property under the Nevin mortgage, and almost as long after the
sheriff had paid over to the transferee of the tax executions the
amount due on them.    There was evidence that at the time of
the settlement between the sheriff and the attorney for the plain-
tiffs, the latter asked the sheriff not to pay over the amount
retained by him on the tax fi. fas. until the attorney could bring
a rule to distribute the money, and that the sheriff promised to
comply with this request.    The sheriff, however, denied having
made this promise.    He testified also that the fi. fas. were placed
in his hands three or four days before the sale under Mrs. Nevin's
mortgage fi. fa.    On the trial the court dismissed the rule
against the sheriff; whereupon the plaintiffs excepted.

From the foregoing it will be seen that a short time after the
sale of the property under the mortgage fi. fa. of Mrs. Nevin, the
sheriff paid over to her attorney the amount realized from the
sale, less the accrued costs and the aggregate amount of the two
tax fi. fas.    It is of course clear that these tax fi. fas. constituted
a lien on the property superior to that of the mortgage fi. fa.
At the time when the money was paid over to the transferee

of the tax fi. fas., so far as the record shows no other execution was in the sheriff's hands against Mrs. Nance, nor was any other property pointed out to him upon which he could levy.

From the sheriff's testimony it appears that he promptly paid over all the money in his hands, first settling for the tax executions and then paying the balance to the plaintiffs' attorney. It will be noted that Mrs. Watson, the holder of the mortgage on the other piece of property belonging to Mrs. Nance, was not made a party to this proceeding. It does not appear whether any levy had been made under her mortgage. Under the facts disclosed by the record, we think the court was clearly right in discharging the rule against the sheriff. Had both the mortgage fi. fa. of Mrs. Nevin and that of Mrs. Watson been in the hands of the sheriff, and had there been, at the time the rule was brought, money in his possession arising from the sale of both pieces of property, then, under appropriate pleadings, the court might with propriety have required each piece of property to pay its pro rata share of the taxes assessed against Mrs. Nance. But it affirmatively appeared that the sheriff sold the piece of property from which this fund arose in October, 1902, and that at that time it was the only property of Mrs. Nance sold; and the tax fi. fas. being a superior lien upon any piece of property owned by Mrs. Nance at that time, the sheriff could do nothing else, when all were placed in his hands, than to pay off the tax fi. fas. first. There is a clear distinction between this case and the case of *Brooks* v. *Matledge*, 100 *Ga.* 367, relied on by counsel for the plaintiffs in error. In that case, one of two creditors of a common debtor had paid and had procured a transfer to himself of tax executions which were a lien on property upon which he held a mortgage, and sought to have the entire amount of the executions taken out of the fund realized from a sale under the foreclosure of a mortgage of the other creditor on different property; and it was held, on equitable principles, that the two pieces of property should bear the burden ratably. From the statement of facts which has already been made, it will be seen at a glance that the present case involves no such contest. By the provisions of the Civil Code, § 2791, liens for State and county taxes are declared to be superior to all other liens, taxes due the State being first in rank, and taxes due the county second; and such

taxes are to be charged against the owner of the property. There being no other fund in the sheriff's hands at the time of the settlement with the plaintiffs' attorney but the one in question, and the lien of the tax executions being superior to that of the mortgage fi. fa., and there being at the time no proceedings of any sort to prevent him from so doing, it was entirely proper for the sheriff to apply the fund first to the payment of the tax fi. fas., and afterwards to the balance due on the mortgage fi. fa. We know· of no law that will allow a sheriff to ignore the priority of liens in his hands and undertake the task of protecting a creditor who does nothing to protect himself, and who sets up no equity in his favor. The rule that the sale of property under a mortgage fi. fa. does not divest the lien for taxes.is not applicable where the tax fi. fas. are placed in the hands of the levying officer for the purpose of claiming the proceeds of such sale.

·        *Judgment affirmed.   All the Justices concur.*