## 8566. ATLANTA BANKING AND SAVINGS CO. *v.* MOORE.

BLOODWORTH, J. The Atlanta Banking & Savings Company filed a petition for a rule against the sheriff of Fulton county. A demurrer was filed and the following order passed thereon: "This demurrer coming on to be heard in due course, after argument it is considered and ordered that the demurrer to the rule brought against the sheriff and the amendment thereto be sustained and the rule discharged. There

may be some equitable rights in the fund in behalf of movants, but, as matter of law, the movant is, in the opinion of the court, not entitled to a rule absolute against the sheriff, requiring him to pay over all the fund, and the petition is too indefinite to authorize any division of it under the rule. This Jany. 31st, 1917. W. D. Ellis, Judge S. C. A. C." Under the pleadings the court properly sustained the demurrer. It is deemed proper, however, to remand the case with direction that if, within thirty days from the filing of the remittitur in this case in Fulton superior court, the plaintiff will so amend his pleadings that the fund in the hands of the sheriff can be properly distributed under the petition, the judge shall allow said amendment and distribute the fund. If such amendment be not so filed, then the judgment of the court below will stand affirmed.

*Judgment affirmed, with direction. Broyles, P. J., and Jenkins, J., concur.*

DECIDED JULY 19, 1917.

Money rule; from Fulton superior court—Judge Ellis. July 31, 1917.

The original petition alleges: Three mortgages on described land in Fulton county, Georgia, made by W. R. Moore to the petitioner, were foreclosed in the superior court of that county, fi. fa. issued under the foreclosure was levied on the land, and the land was sold by C. W. Mangum, sheriff of the county, on the first Tuesday in June, 1915, for $2,000 to the petitioner. At the date of the sale there was due on the fi. fa. $1,727.14, and after payment of the fi. fa. there remains in the hands of the sheriff, as the proceeds of the sale, $262.86. Two fi. fas. in favor of Marie R. Thomas against W. R. Moore, on each of which there is due $80, have been placed in the hands of the sheriff for the purpose of claiming enough of the said fund to satisfy them. Each of the said three mortgages of Moore to the petitioner contains a clause as follows: "It is expressly agreed that said party of the first part will pay all taxes and assessments of every kind on said property within sixty days after the same become due and payable, . . and if said party of the first part fails to pay said taxes or assessments as aforesaid, . . said party of the second part is authorized to pay said taxes [and] assessments, . . and this mortgage is given also to secure said sum or sums so paid, and interest thereon at 8% as part of said loan." W. R. Moore, after the date of the said mortgages, made a bond for title to Parantha & Turner, agreeing to convey described land, which included the property in the said mortgages and also certain property on which the said fi. fas. of Marie R. Thomas against W. R. Moore were a

special lien; to all of which liens the said bond for title was sub-
ject. Parantha & Turner returned the property to the City of
Atlanta for city taxes for 1914, and failed to pay the taxes, and
afterwards surrendered to W. R. Moore all interest held by them
under the bond for title. The taxes were not returned or paid by
W. R. Moore or any one else, but fi. fas. therefor were issued
against Parantha & Turner, and were levied on all of the said
property as the property of Parantha & Turner, and sold thereunder
on March 2, 1915, and purchased by the City of Atlanta at the sale.
Petitioner did not know of the nonpayment of the taxes by Paran-
tha & Turner and W. R. Moore to the City of Atlanta for 1914 until
the said sheriff's sale under which petitioner acquired title to a
part of the said property, and for this reason did not exercise its
right to pay the said taxes and include the amount so expended
in the foreclosure of the said mortgages, which right it then had
and now has under the terms of the mortgages. The loan deeds
given by W. R. Moore to Marie R. Thomas, on which the fi. fas.
above stated are based, are younger in date and record than the
petitioner's said mortgages, and are upon parts of the property
included in the said tax sale, but not part of the property bought
by petitioner at the sheriff's sale. Petitioner, in order to protect
its title acquired at the said sheriff's sale, has been compelled to
pay the amount necessary to redeem the property sold under the
said tax sale to the City of Atlanta. Marie R. Thomas owns part
of the property sold under the said tax sale, and W. R. Moore
and the petitioner own the rest of the property sold under the tax
sale, and Marie R. Thomas and W. R. Moore and their said proper-
ties, in equity and good conscience, are liable to the petitioner
for their proportionate part of the said taxes, and should not be
allowed to take any part of the fund now in the hands of the sher-
iff until the petitioner has been reimbursed for the amounts paid
by it to redeem the land from the said tax sale. Demand has
been made upon C. W. Mangum, sheriff, that $190.60 be paid to
petitioner out of the said fund, to reimburse it for the said taxes
as expended, and the demand has been refused. It is prayed that
a rule nisi be issued against the said Mangum, sheriff, requesting
him to show cause why he has not paid over to petitioner so much
of the said fund in his hands as shall be sufficient to reimburse pe-
titioner for the amount paid by it to redeem the land from the tax

sale, and that Marie R. Thomas and W. R. Moore be made parties to the rule and be bound by any decision thereon. By amendment it is alleged, that at the time the petitioner paid the money and redeemed the property from the tax sale, petitioner received a deed duly executed by the City of Atlanta, conveying to petitioner the property sold at the said tax sale, which was duly filed for record June 30, 1915, and recorded July 2, 1915, in Deed Book 430, page 379, of the Fulton county records, in the office of the clerk of the superior court of Fulton county, Georgia, in compliance with sections 1169 and 1170 of the Code of Georgia for 1895, and petitioner relies upon the said statutes in its claim that the amount that it paid out to redeem the said property from the tax sale be paid to it with interest thereon out of the said fund in the hands of the sheriff.

W. R. Moore demurred to the petition, on the grounds: (1) No cause of action is set forth. (2) The facts as alleged do not entitle the plaintiff to the relief sought. (3) It appears from the petition that at the time of the alleged foreclosure and sale the title to the property had passed from the petitioner to the City of Atlanta, and the said proceedings in their entirety are null and void.

*J. A. & J. M. Noyes,* for plaintiff, cited: *Gross* v. *Taylor,* 81 *Ga.* 86; *National Bank* v. *Danforth,* 80 *Ga.* 55; *Sheibley* v. *Rome,* 107 *Ga.* 384; *Bank of the University* v. *Athens Savings Bank,* 107 *Ga.* 246; *Brooks* v. *Matledge,* 100 *Ga.* 367; *Askew* v. *Scottish American Mortgage Co.,* 114 *Ga.* 302; *Merchants National Bank* v. *McWilliams,* 107 *Ga.* 532; Civil Code (1910), § 1167, 1170, 1172; *Fulcher* v. *Felker,* 28 *Ga.* 252; Civil Code (1910), § 1141; *Patton* v. *Camp,* 120 *Ga.* 936, 940; *Ferris* v. *Van Ingen,* 110 *Ga.* 102 (8).

*Green, Tilson & McKinney, R. J. Ward, Moore & Pomeroy,* for defendants: Park's Code, §§ 880, 1169, 1170, 1018; *Blalock* v. *Buchanan,* 114 *Ga.* 564; *Jinks* v. *American Mortgage Co.,* 102 *Ga.* 694; *Richards* v. *Edwardy,* 138 *Ga.* 690.