### 14932. BROWN *v.* ROACH, tax-collector.

1. Where property sold under a common-law execution is subsequently levied upon for State, county, and school taxes due by the party as whose property it was sold, a claim to the property, interposed by the purchaser at the judicial sale, is not aided by the fact that the tax-payer was in possession of other property out of which the tax fi. fas. might have been satisfied.

2. Even if the State's lien for taxes can in any case be divested except by payment, no reason was shown in this case against the application of the general rule that a sale of property under other process does not divest the lien of the State for taxes. A verdict was properly directed in favor of the tax fi. fa.

DECIDED DECEMBER 10, 1923.

Levy and claim; from Evans superior court—Judge Sheppard. June 28, 1923.

*Daniel & Durrence,* for plaintiff in error.

*R. M. Girardeau,* contra.

BELL, J. The sheriff of Evans county made a levy upon property to satisfy tax fi. fas. for State, county, and school taxes issued by H. M. Roach, tax-collector. The property had previously been sold by the sheriff under a common-law fi. fa. against the taxpayer. B. E. Brown Sr., who was the purchaser at the prior sale, filed a claim, which he amended by alleging: (*a*) that at the time of the sale under the common-law execution the sheriff had the tax fi. fas. in his possession "for the purpose of collecting the taxes due thereon out of the proceeds" of the sale, which was more than sufficient for that purpose, but paid out all of such proceeds to other claims; and (*b*) that the property in question should not be subjected to a sale under the tax fi. fas., because of the existence of other specified property in the possession of the taxpayer, on which the fi. fas. could proceed. The latter allegation (*b*) was stricken for insufficiency. At the close of the evidence upon the trial a verdict was directed against the claimant. He has excepted to the overruling of his motion for a new trial. Error is also assigned upon exceptions pen-

dente lite to the striking of part (*b*) of the amendment to the claim.

It indisputably appears by the evidence that the tax fi. fas. had been placed in the hands of the deputy sheriff before the sale of the property under the common-law execution, and were in the hands of this officer at the time of that sale, but not that they were placed in his hands for any other purpose than for levy and sale as provided in the Civil Code (1910), § 1166. The proceeds of the sale had been paid by the sheriff to other claims as alleged, in which was included a debt of the defendant in fi. fa. which had not been reduced to a judgment. The property was shown, without dispute, to be subject to the lien of the tax fi. fas. unless such lien was divested by the facts stated above.

1. "Taxes shall be paid before any other debt, lien, or claim whatsoever, and the property returned or held at the time of giving in, or after, is always subject." Civil Code (1910), § 1140. That the taxpayer was in possession of other property on which the tax fi. fas. could have been levied did not affect the State's lien against the property in question. Compare *Wilson* v. *Boyd*, 84 *Ga.* 34 (1) (10 S. E. 499). The court therefore did not err in its ruling upon the pleadings as indicated above.

The language of the decision of the Supreme Court in *Patton* v. *Camp*, 120 *Ga.* 936 (48 S. E. 361), that "the rule that the sale of property under a mortgage fi. fa. does not divest the lien for taxes is not applicable where the tax fi. fas. are placed in the hands of the levying officer for the purpose of claiming the proceeds of such sale," appears to be obiter. The question there involved was whether the sheriff, when selling property under a mortgage fi. fa., had the power to appropriate a sufficiency of the proceeds to satisfy tax fi. fas. in his hands, although the remainder would be insufficient to pay the mortgage debt, and although another piece of property of equal value, belonging to the taxpayer but subject to another mortgage in favor of a third person, was available, which it was claimed by the plaintiff in the mortgage fi. fa. should have been required to bear its pro rata of the taxes, the taxpayer and owner being insolvent. The case was a rule against the sheriff by the plaintiff in the mortgage fi. fa. for the sum appropriated to the payment of the taxes, less the pro rata apportionable to the other piece of property. It was held that, the tax fi. fas. being a superior

lien upon the property sold under the mortgage fi. fa., "the sheriff could do nothing else when all were placed in his hands than to pay off the tax fi. fa. first." Nevertheless, the facts presented in the instant record do not make a case within the language first above quoted from that decision.

Whether the authority to deposit tax fi. fas. with a claim for specific funds in the hands of the sheriff is in the tax-collector, or whether such control over fi. fas. once placed in his hands is vested in the sheriff himself, it does not appear that the tax fi. fas. were so handled in this case. However, it is doubted that any officer would have the authority, by such action, to transfer the lien of the State for taxes to a specific fund, and thus waive it as against the general property of the taxpayer; and it is questioned further whether the failure of the sheriff to obey such demand, if made by some other officer, could have the effect of relegating the State to a rule or other action against him for a neglect of duty. "It is a well-settled principle that the State cannot be estopped ·from asserting its right, on account of negligence ᴏr illegal conduct of its officers, and can only be estopped by legislative act or resolution." *Booth* v. *State,* 131 *Ga.* 750 (3), 759 (63 S. E. 502). "Powers of all public officers are defined by law, and all persons must take notice thereof. The public cannot be estopped by the acts of any officer done in the exercise of a power not conferred." Civil Code (1910), § 303.

While in the instant case the sheriff would undoubtedly have been authorized to appropriate a sufficiency of the proceeds of the sale under the common-law execution to satisfy the tax fi. fas., and such would seem to have been his duty, his neglect to do so under the facts stated above could not prejudice the right of the State to collect its taxes out of the property on which the lien rested. This ruling is not in conflict with anything said in *Patton* v. *Camp,* even though the fullest effect be given to the language there used, because the claimant did not show that the tax fi. fas. were deposited with the sheriff "for the purpose of claiming the proceeds of such sale."

2. The purchaser must look for himself as to the title and soundness of all property sold under judicial process. Civil Code (1910), § 6054. No reason is shown why the general rule should not here prevail, that a sale of property under other process does not divest

the lien of the State for taxes. Civil Code (1910), § 1141. Why could not the claimant purchase the tax fi. fas. and cause them to be levied upon the property which he claims should rightly as to him bear the burden? Civil Code (1910), § 1145. The State's lien against the property for the payment of the taxes was not diverted to a cause of action against the sheriff. The court did not err in directing a verdict against the claimant, nor in thereafter overruling his motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*