15463.   CLARK, executor, *v.* MONROE COUNTY BANK *et al.*

Where property is subject to a lien and a part of it is sold by the debtor, the part remaining in him should be first applied to the payment of the lien. If the property subject to the lien is sold in several parcels at different times, the parcels should be charged in the inverse order of their alienation. Civil Code (1910), § 6029. Where a taxpayer, in different parcels at different times, sells all of his property which is subject to a previous lien for State and county taxes, the property last sold (its value being sufficient for that purpose) should bear the burden of the tax lien. This case is controlled by the decisions of the Supreme Court in *Merchants National Bank* v. *McWilliams*, 107 *Ga.* 532 (33 S. E. 860), and *Askew* v. *Scottish American Mortgage Co.*, 114 *Ga.* 300 (40 S. E. 256). The case of *Brooks* v. *Matledge*, 100 *Ga.* 367 (28 S. E. 119), distinguished.

DECIDED NOVEMBER 13, 1924.

Money rule; from Monroe superior court—Judge Persons. February 25, 1924.

Prior to 1920 E. H. Walker sold certain lands to J. M. Allen, executing to him a bond for title and taking his notes for the purchase-money. Judgment upon these notes was obtained by Clark, as Walker's executor, in May, 1923, and under an execution issued thereon the lands were sold in the following November. "A year or more before" this sale Allen transferred his bond for title to the Monroe County Bank. He had also, upon a date not shown in the record, but prior to January 17, 1921, executed to the bank a security deed to "462 acres of land, including the Walker tract, his home and a city lot in Forsyth, Georgia, containing 5 acres and improvements thereon, a cotton ginnery, and his live stock." On January 17, 1921, he sold his "city property" for $5000, and the bank, for value, released its lien upon the same. Some time before November, 1922 (the date not shown), "the bank released for value, in favor of the Phoe. Mut. Life Ins. Co.,

347.05 acres, more or less, of the Allen land [of a value exceeding the taxes], to which it, the bank, held title under its deed to secure debt." In November, 1922, the bank, under a power of sale contained in its security deed, "sold all the personal property of the said Allen, and all his real estate except the Walker tract," and excepting also, of course, the "city property" previously disposed of as stated above. This sale was at public outcry, and the property brought $481. Before this sale the bank paid the State and county taxes due by Allen for the years 1920 and 1921, and had the tax fi. fas. transferred to it and duly entered upon the proper execution docket. The amount of these fi. fas. was less than the proceeds of the last-mentioned sale. Allen is insolvent and still owes the bank something over $1900. The proceeds of the sale under the execution in favor of Walker's estate were insufficient to satisfy that debt. The bank placed the tax fi. fas. in the hands of the sheriff, however, and claimed that a proportion of the taxes should be paid out of such proceeds ratably and according to the value of the property from which the proceeds arose, in comparison with the value of the remainder of Allen's property, which the bank had held as insufficient security for its debt. Thus a contest arose upon a money rule. The case was submitted to the judge upon an agreed statement of facts, as set out above, and he entered a judgment in favor of the bank, to which Clark, as Walker's executor, excepted. Stipulations were made as to the values of the respective properties to which the bank claimed the taxes should be apportioned.

*W. M. Clark,* for plaintiff.

*Willingham & Willingham,* for defendants.

BELL, J. (After stating the foregoing facts.)

The sole question for decision is whether the taxes should be apportioned ratably against the proceeds of the sale under the common-law fi. fa., according to the values respectively of the property sold thereunder and of the other properties of the tax debtor upon which the bank had held liens.

The defendant in error insists that under the decision of the Supreme Court in *Brooks* v. *Matledge,* 100 *Ga.* 367 (28 S. E. 119), the question should be answered in the affirmative. We can not agree that the principle which controlled in that case is here applicable. In *Askew* v. *Scottish American Mortgage Co.,* 114 *Ga.* 300 (40 S. E. 256), the Supreme Court said: "What was really

ruled in *Brooks* v. *Matledge,* construed in the light of the facts of that case, was that mere lien-holders, who acquired their liens before the lien for taxes had attached, would be required to contribute, and the distinction between that case and cases like the present is clearly pointed out by Mr. Justice Little in *Merchants National Bank* v. *McWilliams,* 107 *Ga.* 532, 535. The rule laid down in this latter case is the one applicable to the present controversy, and that was, that, 'When property is sold and conveyed by a common grantor at different times and to different purchasers, and taxes having a lien on all the property sold are due, the last property sold is primarily bound for the payment of all such taxes.' " See Civil Code (1910), § 6029; *Reynolds* v. *Wood,* 111 *Ga.* 854 (36 S. E. 593) ; *Blalock* v. *Buchanan,* 114 *Ga.* 564 (40 S. E. 717).

Certain property, though subject to liens or deeds to secure debt in favor of the bank, was in the possession of the taxpayer, and still to be considered his property, after the accrual of the liens for taxes. By the provisions of the Civil Code (1910), § 3333, liens for State and county taxes are declared superior to all other liens; taxes due the State being the first in rank and taxes due the county being the second. Such taxes are to be charged against the owner of the property. Civil Code (1910), § 1018. The last of the properties sold by the taxpayer, where all is sold, should bear the burden of the taxes previously due, the proceeds being sufficient. That in this case was the property sold in November, 1922, for $481, a sum in excess of the taxes. While this sale was made by the bank under power, it is yet to be regarded as a sale by Allen, the taxpayer, himself. *Merchants National Bank* v. *McWilliams,* supra; *Askew* v. *Scottish American Mortgage Co.,* supra; *Noles* v. *Few,* 155 *Ga.* 471 (117 S. E. 374). The later sale of the lands under the common-law fi. fa. can not be so accounted, for the reason that Allen had long prior thereto sold his bond for title to the bank, and had no further interest or equity in this property. Though nominally against Allen, this was in reality a sale of the property of the bank, which it had acquired subject to the lien of this fi. fa.

The case is controlled, as were the *Askew* and *McWilliams* cases, by the principles set forth in the Civil Code, § 6029: "Where property is subject to a lien and part of it is sold by the debtor, the part remaining in him should be first applied to the payment

of the lien. If the property subject to such lien is sold in several parcels at different times, the parcels should be charged in the inverse order of their alienation." Compare *Noles* v. *Few,* supra.

It may be that the bank is also barred from its claim of apportionment under the terms of section 6048 of the Civil Code, wherein it is provided: "If the plaintiff in execution, for a valuable consideration, releases property which is subject thereto, it is a satisfaction of such execution to the extent of the value of the property so released, so far as purchasers and creditors are concerned." But the bank had not acquired the tax fi. fas. at the time of one of these releases, and it does not clearly appear that it had done so prior to the other release, and we rest our decision upon the principles of section 6029.

The court erred in adjudging that any part of the taxes should be paid out of the proceeds of the sale under the fi. fa. in favor of Walker's executor, that not being the last sale *by the tax debtor.*

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*