*Titus & Dekle,* for plaintiff in error.   *J. E. Craigmiles,* contra.

---

18203. JORDAN *et al. v.* BAGGETT, tax-collector.

BELL, J. 1. "Taxes shall be paid before any other debt, lien, or claim whatsoever, and the property returned or held at the time of giving in, or after, is always subject." Civil Code (1910), § 1140.

2. As between the parties to a conditional sale of personalty, the purchaser in possession is the one liable for the taxes; but the public authorities may treat the property as belonging indifferently to either the purchaser or the seller, and may proceed to assess and collect the taxes accordingly. *National Bank of Athens* v. *Danforth,* 80 *Ga.* 55 (7 S. E. 546); *Wells* v. *Mayor &c. of Savannah,* 87 *Ga.* 397 (13 S. E. 442); *Morgan* v. *Burks,* 90 *Ga.* 287 (2) (15 S. E. 821).

3. In the present case, personal property held by a purchaser under a conditional sale was taxed with other property subject to taxation against him, and was levied on to satisfy an execution against him for the entire amount of the taxes. The sellers filed a claim to such personalty, to which they had retained the title, and tendered a sum which, if the taxes were prorated, would represent the amount due on this property. The other property was sufficient to satisfy the remainder. The person against whom the taxes were assessed was insolvent. Upon proof of these facts, without more, the court directed a verdict in favor of the plaintiff in fi. fa. The claimants excepted to the refusal of their motion for a new trial, in which error was assigned upon this ruling. *Held:* The State, having proceeded to collect the taxes out of the property liable for their payment, could not be forced to shift to other property and to collect the taxes piecemeal. The verdict in favor of the plaintiff in fi. fa. was demanded as a matter of law, and the court properly gave direction accordingly. *Patton* v. *Camp,* 120 *Ga.* 936 (48 S. E. 361); *Brown* v. *Roach,* 31 *Ga. App.* 476 (120 S. E. 813). Aside from possible intimations, there is nothing in *State of Ga.* v. *Hancock,* 79 *Ga.* 799 (5 S. E. 248), or in *Herrington* v. *Ashford,* 157 *Ga.* 810 (2)

---

Executions, 23 C. J. p. 587, n. 14.
Taxation, 37 Cyc. p. 798, n. 31 New; p. 1143, n. 27; p. 1230, n. 35 New.
Trial, 38 Cyc. p. 1565, n. 84.

(122 S. E. 197), to sustain the present claim, but the case is controlled by the other authorities cited.

4. The remedy of claim as provided by the Civil Code (1910), § 1159, is not available where the property, as here, is subject to the fi. fa. levied thereon. As to whether the claimants are remediless, see Civil Code (1910), § 1145, and cases cited in *Clark v. Monroe County Bank*, 33 *Ga. App.* 81 (125 S. E. 603).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 16, 1927.

Levy and claim; from Laurens superior court—Judge Camp. May 13, 1927.

*E. L. Stephens, T. E. Hightower,* for plaintiffs in error.
*Burch & Daley,* contra.