## MERCHANTS NATIONAL BANK OF ROME *v.*
## McWILLIAMS.

When property is sold and conveyed by a common grantor at different times and to different purchasers, and taxes having a lien on all the property sold are due, the last property sold is primarily bound for the payment of all such taxes.

Argued March 24, — Decided July 20, 1899.

Levy and claim. Before Judge Henry. Floyd superior court. January 22, 1898.

*C. N. Featherston* and *Dean & Dean*, for plaintiff in error.
*Fouche & Fouche*, contra.

LITTLE, J.    Certain executions for State and county taxes for several years against King were levied on different parcels of land in the city of Rome, and claims were interposed thereto by the Merchants National Bank of Rome.    These claim cases were consolidated, and the parties having announced ready, claimant presented to the court an equitable amendment, which alleged that on April 24, 1895, King conveyed to petitioner a certain part of lot No. 121 in the city of Rome (fully describing the same); that on the 24th of April, 1895, the same party conveyed to petitioner his bond for title interests in certain other described property, being parts of lots Nos. 121 and 124 in the city of Rome (a full description of which is given); that on the 24th of April, 1895, King further conveyed to Mrs. S. B. King certain other property in the city of Rome, being a part of lot No. 162; that on July 7th, 1896, O. H. McWilliams purchased at sheriff's sale certain other property belonging to King, being the property occupied by the Southern Express Company as an office (a full description of which is set out). The petition sets out the respective values of the property so conveyed, and alleges that on the 25th day of November, 1895, McWilliams had transferred to him certain tax fi. fas. in favor of the State and county against King, the grantor in the deeds to the plaintiff and mortgagor to McWilliams; that McWilliams has caused these fi. fas. to be levied on the property conveyed by King to petitioner, to which levy the petitioner has filed claim.    Petitioner also alleges that it holds another tax fi. fa. for the year 1895, for $197.45, in favor of the State and county against Jack King.    The petition alleges that King is insolvent and owns no other property out of which the tax fi. fas. can be made.    The prayer is, that as the property held by McWilliams was the last in point of time alienated by King, that property be adjudged first liable to pay all of said taxes, including the fi. fa. held by claimant; or, in the event that it be not so ruled, that the amount of the fi. fas. be apportioned between the owners of each tract of land according to the value of the respective parcels.    There was an amendment which is not material here-

to set out.    To this petition there was a demurrer on the ground. that the facts stated do not entitle claimant (who is the peti-- tioner) to any relief.    The court passed an order in effect sus-- taining the demurrer to the petition, and the jury found the property subject, with the right in the claimant to pay off the tax fi. fas. within thirty days, for the purpose of enforcing the same against any property of the defendant King, except the land sold to McWilliams on July 7, 1896, by the sheriff.    This verdict was rendered in consequence of an instruction by the court to the jury, that the claimant would be entitled to have the fi. fas. transferred to it only for the purpose of making the amount due on the fi. fas. out of any other property than that conveyed to McWilliams by the sheriff on July 7, 1896, and that property would be exempt from the lien of said fi. fas. To this ruling of the court and instruction to the jury the plaintiff excepted; and the question presented in the record is whether said instructions were correct.

By the provisions of the Civil Code, § 2791, liens for State and county taxes are declared superior to all other liens; taxes due the State being first in rank, and taxes due the county being second.    And such taxes are to be charged against the owner of the property.    Political Code, § 778.    By § 5424 of the Civil Code, which was founded on the case of *Craigmiles* v. *Gamble,* 85 *Ga.* 439, it is provided that where property is subject to a. lien and part of it is sold by the debtor, the part remaining in him should be first applied to the payment of the lien; and if the property subject to such lien is sold in several parcels at. different times, the parcels should be charged in the inverse order of their alienation — that is to say, that the last parcel sold, if no other property remains in a debtor against whom the tax execution issued, shall be subject to the payment of all the taxes due at the time of. the last sale.    In this case it ap-- pears by the petition that on the 24th day of April, 1895, King conveyed two several parcels of land to the claimant, the Mer-- chants National Bank of Rome; and that on the 7th day of July, 1896, McWilliams purchased at sheriff's sale certain other property sold as the property of King under the fore-- closure of a mortgage.    The mortgage held by W. T. and O..

H. McWilliams was but a lien on the property of King, inferior to the tax liens, and the sale by the sheriff in July, 1896, under the foreclosure of that mortgage, is in law to be treated as a sale by King. So that, according to the petition, the property purchased at the foreclosure sale by McWilliams was the last parcel of property sold by King; and under the terms of the section above referred to, that parcel of property is charged with the payment of all taxes which were due by King to the State and county at the time of the sale.

This may be a hard and oppressive law; but the principle upon which it is based is, that, where one has purchased from another and paid value for property, so long as other property is owned by the grantor such property should on equitable principles be first applied to the payment of the debts of the grantor; and where liens exist on all of it, that the lienors must make the money for which they have a lien out of the property owned by their grantor, before proceeding against that in the hands of the grantees for which the latter have paid value, thus making the debtor pay claims against him out of his own property in preference to that belonging to others. The law of the code to which we have referred does not deal with debts, but with liens; when one purchases property from another in good faith for value, a debt against the grantor can not ordinarily be enforced against the property purchased; but when there is an existing lien on the property purchased, as well as other property of the debtor, the enforcement of the lien should, under plain principles of justice, first be directed to the property which the grantor retains. McWilliams had a lien on certain property, but the title to it remained in King; and while he had a lien, it was subject to the superior lien for taxes; hence when he purchased under the foreclosure of that lien, he purchased subject to this superior lien. In the case of *Brooks* v. *Matledge*, 100 *Ga.* 367, this court held, where two creditors of a common debtor who was insolvent had, relatively to each other, the highest lien on different and distinct parcels of property of that debtor, that under the principles of equity, when there was no other property out of which taxes could be made, the amount due for the taxes on all the property of the debtor

should be apportioned between these two lien creditors. The principle ruled in this case, however, is clearly distinguished from that laid down in the code. In the case cited, there was no absolute transfer of the property by the common debtor, but each of the creditors took their liens subject to the superior lien for taxes, and neither having an unqualified title to the property by the act of the debtor, an apportionment according to values of the property upon which the liens were held was both equitable and just. This is undoubtedly right. It was held in the case of *Craigmiles*, supra, that if the equities of the contesting parties are precisely the same, one not superior to the other, the doctrine of contribution would prevail. But in the present case it is not a contest between liens, but between owners of several parcels of property from the same grantor ; and under the provisions of the code above recited, the last piece of property sold by the grantor, that is the parcel purchased by McWilliams in July, 1896, is charged with the payment of all the taxes due by King up to the time of such purchase. It therefore follows that the instruction given by the court to the jury was erroneous ; and as exception was duly taken to that instruction, the judgment of the court below is

*Reversed.    All the Justices concurring*