## DOUGLAS v. JENKINS.

The court erred in granting the injunction. When that part of the petition which was based upon the theory that the fi. fa. (against the enforcement of which injunction was sought) was a cloud upon the title of plaintiff was stricken upon demurrer, to which ruling there was no exception, the only purpose that an injunction could serve would be to prevent enforcement of the execution by levy; and relatively to this branch of relief sought, the plaintiff will have an adequate remedy at law, when a levy of the execution is actually made, by filing a claim as provided by statute.

DECEMBER 19, 1916.

Equitable petition. Before Judge Bell. Fulton superior court. October 6, 1915.

*Lee Douglas,* for plaintiff in error.

*E. M. & G. F. Mitchell,* contra.

GILBERT, J. Jenkins filed an equitable petition to enjoin Douglas from paying off a debt secured by a loan deed to a city lot, and from thereafter levying a certain execution upon the land. The allegations of the petition are in substance as follows: Jenkins and Corley, as tenants in common, possessed a certain city lot, each owning one undivided half interest. They executed to Barton a deed to this lot to secure a loan, and held a bond for title for its reconvey-

ance upon the payment of the loan. On June 6, 1913, Corley, by a written transfer, conveyed to Jenkins, for a valuable consideration, his bond-for-title interest in the lot, Jenkins assuming the entire indebtedness against the lot. In this transaction there was a balance due Corley by Jenkins of $200, which was not paid until November 6, 1913, at which time Corley executed a deed conveying his half interest in the lot to Jenkins. This deed was recorded January 12, 1914. On June 13, 1913, Douglas brought suit against Corley for an alleged indebtedness in no way connected with the transactions referred to above, and on July 8, 1913, obtained a judgment against him. An execution was issued on this judgment, and it is this execution that Jenkins alleges Douglas is threatening to levy upon the undivided half interest of Corley in the city lot originally owned jointly by Jenkins and Corley, after he has first paid up the loan on the said city lot. Jenkins prayed that this execution be declared void, and that it be canceled as a cloud on his title. Douglas filed a demurrer to the petition. The court overruled the demurrer in the main, but sustained that part of it which challenged the allegation as to the execution being a cloud on the title of Jenkins. Douglas excepted to the overruling of the demurrer in the main.

It will be observed that the petition does not allege that the execution has been levied, nor that the sale under it is about to take place, nor that the sheriff has the execution with the intention of levying, nor even that Douglas has paid off the Barton loan and procured a reconveyance of the legal title to Corley, or to Corley and Jenkins. The allegation in this particular is that Douglas is threatening to levy. It does appear, however, from the petition, that when Jenkins took an assignment of the equitable interest of Corley, he did not make payment in full, and that he did pay $200 to Corley, the balance due, after Douglas had obtained his judgment against Corley, and had properly recorded the same on the general execution docket.

"The extraordinary remedy of injunction does not lie in favor of one who has a complete and adequate remedy at law." *Johnson* v. *Gilmer*, 113 *Ga.* 1146 (39 S. E. 469); Civil Code (1910), § 4538. "If a petition is filed which prays for some extraordinary relief, such as injunction, receiver, ne exeat, and the like, and it is apparent from the facts alleged that the rights of the parties

can be fully protected by the use of some recognized legal remedy, such as attachment, garnishment, claim, illegality, and the like, then the existence of such a remedy would be a sufficient reason for refusing to grant the extraordinary equitable relief and for striking on demurrer so much of the petition as prays for such relief; or, if the only relief prayed was of the extraordinary character, for sustaining a demurrer to the entire petition and dismissing the case." *Teasley* v. *Bradley*, 110 *Ga.* 497 (4), 505 (35 S. E. 782, 78 Am. St. R. 113). Applying the above-stated rule, we do not think the allegations of the petition entitled the plaintiff to an injunction. The effect of an injunction would necessarily have been to prevent the defendant from contesting the bona fides of the transaction between Jenkins and Corley, and from contesting the right to subject the $200 paid to Corley after the rendition of the judgment against him in favor of Douglas.

We think that, under the claim laws of this State, the plaintiff has an ample and complete remedy for all his rights, should the threatened levy actually take place. By filing a claim and setting up his title he may avail himself of every legal and equitable right, including the issue of whether or not the judgment against Corley is void. A claim case, though on the law side of the court, partakes of the nature of an equitable proceeding. "Our claim laws are peculiar to our State. Very few of the States have any proceedings like our claims." Where a plaintiff in execution asserts by his levy the liability of the property to pay his judgment, and the claimant alleges title, the issue is, is the title of the claimant good against the judgment? And upon the trial of such issue the claimant may impeach the judgment and prove it to be fraudulent. *Williams* v. *Martin*, 7 *Ga.* 377. "Ex necessitate, the trial of a claim is quasi an equitable proceeding—not made so expressly, by the legislature, but becoming so in the inherent necessity of the case." *Colquitt* v. *Thomas*, 8 *Ga.* 258, 264.

Since the procedure acts of 1885 and 1887, and probably before, either party in a claim case by proper amendments may have adjudicated any right, legal or equitable. The superior courts of this State, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require.

Civil Code (1910), §§ 5406, 5407. These acts have been construed with the utmost liberality, to the end that all the remedies and relief to which the respective parties in any civil cause might be entitled should be applied and accorded in one action. *Ford* v. *Holloway,* 112 *Ga.* 851 (38 S. E. 373); *Carstarphen Warehouse Co.* v. *Fried,* 124 *Ga.* 544, 546 (52 S. E. 598).

From what has been said we think it is obvious that there is an adequate and complete remedy for the assertion and exercise of every legal right, without resorting to the harsh and extraordinary remedy sought by the plaintiff.

*Judgment reversed. All the Justices concur.*