CAMPBELL *v.* BOARD OF DRAINAGE COMMISSIONERS
OF CEDAR CREEK DRAINAGE DISTRICT *et al.*

1. Upon the levy of an execution issued by authority of the drainage-district act of 1918 (Ga. L. 1918, p. 147, sec. 2), the remedy provided in the Civil Code, § 1159, was available to a claimant of the land levied on.
2. Such claimant could set up invalidity of the execution.
3. There being an adequate remedy at law, whether or not the execution was void, it was not error to refuse an injunction.

No. 3403. JULY 14, 1923.

Petition for injunction. Before Judge Park. Jasper superior court. August 9, 1922.

*Clement & Campbell,* for plaintiff.

*A. S. Thurman* and *Greene F. Johnson,* for defendants.

ATKINSON, J. In December, 1917, S. R. Campbell, a resident of Newton County, sold a described tract of land located in Jasper County to J. Guy Morgan for a stated price payable in nine annual payments of five hundred dollars each. The vendor executed a bond for title, and received purchase-money notes. The vendee entered possession of the land in pursuance of the bond, and paid four of the notes, defaulting as to the next two, and moved away, thus leaving five of the notes unpaid. A drainage district was created under the provisions of the act of 1911 (Acts 1911, p. 108), and the act of 1913 (Acts 1913, p. 85), in a proceeding commenced on November 5, 1919. The land sold to Morgan was included in the district. Morgan was a party to the proceedings to establish the district, but Campbell was not a party and did not have actual knowledge as to the location of the drainage district or that it would affect the land. The viewers appointed under the provisions of the act assessed Morgan as one of the landowners $564 on property in class A and $43.71 on property in class E. On the basis of such assessment the tax-collector issued a fi. fa. against the land, to pay for installments of interest due for the year 1922 on the drainage bonds issued for the drainage district that were duly validated by judgment of the superior court on September 20, 1920. The fi. fa. was levied on a portion of the land as the property of and in the possession of Morgan, and the land levied upon was advertised for sale. On May 27, 1922, after the levy, Campbell instituted a suit against the levying officer, the tax-collector, and the board of drainage commissioners, to en-

join the sale, on the ground that the drainage court was without jurisdiction as to the plaintiff and his property, because he was not a party to the proceedings, and that a sale under fi. fa. would deprive plaintiff of his property without due process of law. The judge refused an interlocutory injunction, and the plaintiff excepted.

1. "When property is levied on under a tax fi. fa. issued either by the comptroller-general or tax-collector, it may be claimed by a third person and tried in the same manner as other claims are, except that the claimant shall give a bond and security for the eventual condemnation-money, and if found subject, such claimant and his sureties shall be in all respects liable as on appeal bond." Civil Code (1910), § 1159. The fi. fa. was a tax fi. fa. issued by the tax-collector, as authorized by the act of 1918 (Acts 1918, p. 147, sec. 2), and the remedy provided in the code section was available to the plaintiff.

2. A claimant may set up invalidity of the fi. fa., on the trial of the claim case. *Wheeler* v. *Martin,* 145 *Ga.* 164 (88 S. E. 951).

3. The plaintiff had an adequate remedy at law; and having such, whether or not the fi. fa. was void, injunction was not an appropriate remedy. *Douglas* v. *Jenkins,* 146 *Ga.* 341 (91 S. E. 49, Ann. Cas. 1918C, 322); *Racine Iron Co.* v. *McCommons,* 111 *Ga.* 536 (36 S. E. 866, 51 L. R. A. 134).

*Judgment affirmed. All the Justices concur.*