## CITY OF WINDER *et al. v.* WINDER NATIONAL BANK.

Injunction was sought against the enforcement of a tax fi. fa. for 1922 taxes by levy upon certain lands to which petitioner claims title. These lands formerly belonged to one who in December, 1921, was adjudicated a bankrupt, the trustee in bankruptcy having been appointed on January 16, 1922. The petitioner claimed title to the land in virtue of a quitclaim deed executed by the grantees in a security deed from the bankrupt to secure the grantees against liability incurred by indorsement and becoming surety for the bankrupt on account of moneys advanced by petitioner to the bankrupt prior to his bankruptcy. The amount for which this deed was security very nearly equaled the value of the property conveyed by this deed. Petitioner also had a quitclaim deed from the trustee, executed in pursuance of an application made by him to the bankruptcy court for leave to relinquish the property upon the

payment of certain costs by the petitioner or the grantees in the security deed. Upon the hearing of the application, the court granted the injunction prayed. *Held:*

1. The granting of an injunction was not authorized under the pleadings and the facts appearing in the record. Even if the order of the referee in bankruptcy, granting the application for the trustee in bankruptcy to relinquish and abandon the property, authorized the execution of a quitclaim deed to the bank, the lien of the fi. fa. sought to be enjoined attached to the property, and was not divested by the relinquishment of the execution of a quitclaim deed.

2. Moreover, the petitioner had a complete remedy at law, if the property in question was not subject to the fi. fa., and was therefore not entitled to maintain the equitable suit to assert a right which could have been asserted by the filing of a claim.

No. 5055. June 18, 1926.

Injunction. Before Judge Stark. Barrow superior court. June 20, 1925.

*J. D. Quillian,* for plaintiffs in error.     *J. C. Pratt,* contra.

Beck, P. J. Winder National Bank brought its petition against the City of Winder and E. O. McElroy, chief of police of Winder, and prayed injunction against the defendants to prevent a levy and enforcement of a certain tax fi. fa. issued by the municipal authorities of Winder for ad valorem taxes for the year 1922, amounting to $150. The levy of the fi. fa. on a certain described lot in the city as the property of J. W. Summerour was alleged. It was further alleged that this property was not at any time during the year 1922 the property of J. W. Summerour, nor did he have any interest whatever in it at any time during that year; that he had been duly adjudicated a bankrupt on December 23, 1921, and on January 16, 1922, G. A. Johns had been elected and qualified as the trustee in bankruptcy of Summerour; and that the title of the latter in the lands and his right to possess the same became vested in the trustee in bankruptcy as of the date of his adjudication in bankruptcy, to wit, December 23, 1921. It is also alleged that petitioner had duly purchased "the trustee's interest and rights in and to the said tract of land under an order of the referee in bankruptcy and secured from the trustee a quitclaim deed," a copy of which was attached to the petition; that petitioner has since been the owner of the tract of land embracing the land levied on, and was the owner in fee simple on the date of said levy; "that petitioner had purchased the lands for value and in good faith, well knowing that J. W. Summerour had

no title to the same or any other property in the City of Winder on January 1, 1922, for the reason that all his assets went to his trustee in bankruptcy at the date of his adjudication, and therefore knowing that there were no claims for taxes against J. W. Summerour that could be legally a lien on the lands." Petitioner further alleges that the City of Winder had been grossly negligent, in that it failed to collect the taxes due it from the trustee in bankruptcy, as he had ample funds in his hands from the sale of assets of the estate of the bankrupt; that in fact a dividend was paid to common creditors, as ordered by the bankruptcy court, and it is inequitable to compel petitioner to suffer on account of the negligence of the city; and that it is illegal to levy on the land above referred to. It appears from other allegations and facts appearing in the record that on March 18, 1921, the bankrupt, Summerour, had executed and delivered for value to Maynard and Radford a deed of conveyance to said property to secure the grantees against any loss by reason of any indorsement, suretyship, or other form of liability that might be incurred by the grantees to the Winder National Bank, growing out of loans already made and afterwards made by the bank to Summerour. The amount for which this deed became a valid deed of security was something over $10,000. The trustee, upon examination of the title to this property, finding that it was encumbered for nearly its entire value, filed a petition in the bankruptcy court to be permitted to disclaim title to the property in question, and to refuse to take the same into his possession as burdensome property, upon the condition that the Winder National Bank, or the grantees in the deed referred to, should pay over to the trustee the costs of administration that would be due upon the property if administered and sold by the trustee, including the costs of the trustee's commission upon the sale, upon the basis of the value of $15,000. The referee in bankruptcy granted the application, and provided in the order that "the trustee before disclaiming title will collect the sum of $440 to cover such costs of administration as if the property had been retained and sold, said property to be disclaimed at value of $15,000 to the said lienholders." Thereafter, on January 2, 1923, the trustee executed a quitclaim deed to this property to the bank. The bank also procured a quitclaim deed from Maynard and Radford to the property in question. The court

upon the hearing granted the injunction, and the City of Winder excepted.

1. We are of the opinion that the facts appearing in the record did not authorize the grant of an injunction. While the title to all the bankrupt's property vested in the trustee in bankruptcy, by the provisions of the bankruptcy act, as of the date of the adjudication in bankruptcy, nevertheless, while it remained in the hands of the trustee, it was not exempt from taxation. 2 Collier on Bankruptcy, 999, and cases cited; Black on Bankruptcy, § 372, and cases referred to in the note to the text. The lien for the taxes for 1922 attached to this property; and we are of the opinion that this would be true even if the order passed by the referee in bankruptcy authorized the trustee to convey this property to the petitioner. But apparently the order did not authorize any conveyance; it authorized a disclaimer of title. The trustee, it seems, was authorized to relinquish all claims to the property upon the payment of $440 and costs of administration, etc. The tax fi. fa. was a general tax execution covering all the property of the bankrupt, and it covered it in the hands of the trustee. Even if the trustee had been authorizd to sell the property to the petitioner and had actually sold it, and nothing had been done to relieve it of the lien for taxes, it would have remained subject to the taxes. Nor could the petitioner, in equity or elsewhere, compel the municipality to rely upon funds arising from the sale of other property or collections from other sources made by the trustee, although the funds arising from these collections might have been in the hands of the trustee at the end of the year 1922.

2. Moreover, the petitioner set up in its petition that it had a complete title to the property, and that during no part of the year 1922 did the bankrupt have title to or an interest in the same. If it be true that the petitioner had, as claimed, acquired the complete title asserted in its petition, so that the lien of the tax execution did not attach, then the petitioner had an adequate remedy at law to prevent the enforcement of the fi. fa.; and an equitable proceeding was not necessary. By the filing of a claim it could have made and had adjudicated the issue as to whether it had such title as is asserted in the petition, and the existence of

this complete remedy at law constitutes another ground upon which the court below should have refused the injunction.

*Judgment reversed. All the Justices concur.*