HERRINGTON *et al.* v. PARHAM *et al.*

The last of several parcels of realty sold by a common grantor at different times to different buyers is primarily liable for payment of the taxes due which are a lien on all of the realty so sold.

No. 6207. APRIL 12, 1928.

Injunction. Before Judge Humphries. Fulton superior court. July 30, 1927.

In 1925 the tax-assessors of the City of Atlanta assessed for taxation four separate parcels of realty and certain personalty as the property of a named taxpayer. On the basis of the assessment a general tax fi. fa. was issued on October 17, 1925, against the taxpayer individually, for the gross amount of taxes for the year on all the property, and the fi. fa. was duly recorded. Prior to the date of the fi. fa. the taxpayer had sold and conveyed the several parcels to other persons in the following order: Parcel No. 1, April 18, 1924; parcel No. 2, March 31, 1925; parcel No. 3, August 18, 1924; parcel No. 4, May 13, 1925. The deeds to the purchasers were duly recorded. The fi. fa. was duly transferred to H. S. Herrington, and by him to W. C. Foster a non-resident of the State. The transfers were duly recorded. Subsequently the fi. fa. was levied upon the parcel No. 1. A remote grantee of the taxpayer brought suit against Herrington, Foster, and the city marshal, to enjoin the sale, on the ground that the taxpayer had sold the several parcels of land to different persons, and that the parcel levied upon, being the first in the order of sale, was the last that could be levied upon. The defendant demurred to the petition, on the ground that it failed to allege a cause of action for legal or equitable relief. At the same time the defendants filed an answer. At an interlocutory hearing the demurrer was overruled, and a temporary injunction was granted. Exceptions pendente lite were filed. Subsequently the fi. fa. was levied upon parcel No. 2. The grantee of that parcel filed an intervention, adopting all the allegations of the original petition, and seeking to enjoin the sale of parcel No. 2 on the ground that it was not the last in the order of sale and could not be sold for the taxes until the parcels in the inverse order of their sales by the taxpayer had been exhausted. The defendants filed a general demurrer and an answer to the intervention. The judge overruled the demurrer, and enjoined the sale. The defendants excepted.

*A. C. Corbett*, for plaintiffs in error.

*Candler, Thomson & Hirsch, W. B. Cody, J. L. Mayson*, and *C. S. Winn*, contra.

ATKINSON, J. It was held by this court in *Columbia Trust & Realty Co.* v. *Alston,* 163 *Ga.* 83 (135 S. E. 431): "When

property is sold and conveyed by a common grantor at different times and to different purchasers, and taxes having a lien on all the property sold are due, the last property sold is primarily bound for the payment of all such taxes." The ruling there made related to a case which upon its facts is not distinguishable from the case now under consideration. It follows that upon application of the principle ruled in that case the trial judge did not err in overruling the demurrers to the original petition and to the petition for intervention, and in granting the interlocutory injunction. See also *Merchants National Bank of Rome* v. *McWilliams*, 107 *Ga.* 532 (33 S. E. 860). The case differs on its facts from the case of *Hollinshed* v. *Woodard*, 124 *Ga.* 721 (52 S. E. 815).

*Judgment affirmed. All the Justices concur.*