DOUGLAS *v.* HANNAHATCHEE RANCH CORPORATION.

No. 6598.   MARCH 1, 1929.

*J. K. Jordan,* for plaintiff in error.   *Frank C. Tindall,* contra.

PER CURIAM.   Hannahatchee Ranch Corporation filed a petition against E. L. Douglas, transferee of a tax execution, and against the tax-collector. The petition alleged that a parcel of land was purchased by the plaintiff on March 6, 1928, after taxes of 1927 had become due and had gone to execution against plain-

tiff's vendor, one Jackson; that in 1927 Jackson owned and returned for taxes three parcels of land including the parcel so purchased by plaintiff, designated as parcel No. 1; that parcel No. 2 had been previously sold to a third person; that parcel No. 3 was still owned by Jackson; that the execution should be satisfied out of parcel No. 3, which was worth more than the amount of the execution and had been assessed at $1470, about ten times the amount of the execution; and that plaintiff's parcel No. 1 "is not liable for said taxes or for any part thereof until the property set out as parcel 3 is fully exhausted, if petitioner's property is liable at all." The prayer was for injunction against sale of parcel No. 1 under the tax execution; and for general relief. Douglas demurred generally, and specially on the grounds that if plaintiff were entitled to any relief he had a complete remedy by statutory claim, and for nonjoinder of parties defendant. On interlocutory hearing the court overruled the demurrer. The evidence for the defendant showed that he was attorney at law for the executors of Mrs. Wren, who in 1924, three years before the tax which is now sought to be collected became a lien, had received from Jackson a security deed conveying to her parcel 3 to secure the payment of a loan of $3500, which had become due and remained unpaid. The court granted an interlocutory injunction. Douglas excepted to that order, and to the overruling of the demurrer.

The court properly overruled the demurrer and granted the injunction. The Civil Code, § 6029, provides as follows: "Where property is subject to a lien and part of it is sold by the debtor, the part remaining in him should be first applied to the payment of the lien. If the property subject to such lien is sold in several parcels at different times, the parcels should be charged in the inverse order of their alienation." In *Columbia Trust & Realty Co.* v. *Alston,* 163 *Ga.* 83 (135 S. E. 431); application was made of the statute just quoted to the facts of that case. Under the language of the statute, and of the rulings in the case just referred to and in *Askew* v. *Scottish American Mortgage Co.,* 114 *Ga.* 300 (40 S. E. 256), the demurrer was not sustainable, and the injunction properly followed. See also *Herrington* v. *Parham,* 166 *Ga.* 204 (142 S. E. 858), and cit.; *Noles* v. *Few,* 155 *Ga.* 471 (117 S. E. 374).

*Judgment affirmed. All the Justices concur, except Atkinson and Hines, JJ., dissenting.*

240

Atkinson, J. The second headnote states the ruling of the majority of the court; but I am of the opinion that, as this is an equitable suit, the holder of the security deed to the lot of land known as parcel 3, which petitioners claim is subject to the tax fi. fa., should have been made a party; and as she was not a party, the demurrer on the ground of nonjoinder of parties should have been sustained.