HARRIS ORCHARD COMPANY *v.* THARPE, tax-collector, *et al.*

GILBERT, J. The exception is to a judgment refusing to enjoin a tax sale. The land on which a fi. fa. for State and county taxes was levied, and which was being advertised for sale thereunder, was bought by the petitioner in January, 1931, at a sale under a fi. fa. for 1929 taxes. At the time of the sale there was also an outstanding lien on the property purchased for State and county taxes for the year 1930. Both tax fi. fas., that is, for 1929 and 1930, were issued in personam. Both were general executions, and not special against the land for taxes on it alone by name.

1. "No replevin shall lie, nor any judicial interference be had, in any levy or distress for taxes under the provisions of this Code, but the party injured shall be left to his proper remedy in any court of law having jurisdiction." Civil Code (1910), § 1163.

2. The Code section just quoted states the general rule, to which there are some exceptions: (a) An unconstitutional exaction, because what is then called a tax is no tax. *Green* v. *Hutchinson,* 128 *Ga.* 379 (57 S. E. 353). (b) Where the law does not impose the tax or authorize the execution, for the same reason. *Hewin* v. *Atlanta,* 121 *Ga.* 723 (49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296). (c) Where the defendants did not occupy the official positions alleged in the execution. *Mayo* v. *Renfroe,* 66 *Ga.* 408. (d) Where an execution issued for taxes which had been properly returned and taxes paid. *Nalley* v. *McManus,* 135 *Ga.* 713 (70 S. E. 255). There are doubtless other exceptions.

3. "When property is levied on under a tax fi. fa issued either by the comptroller-general or tax-collector, it may be claimed by a third person

and tried in the same manner as other claims are, except that the claimant shall give bond and security for the eventual condemnation money; and if found subject, such claimant and his sureties shall be in all respects liable as on an appeal bond." Civil Code (1910), § 1159; *Campbell* v. *Drainage Commissioners*, 156 *Ga.* 64 (118 S. E. 720), and cit.; *Herrington* v. *Ashford*, 157 *Ga.* 810 (122 S. E. 197).

4. "A claimant may set up invalidity of the fi. fa., on the trial of the claim case. *Wheeler* v. *Martin*, 145 *Ga.* 164 (88 S. E. 951)." *Campbell* v. *Drainage Commissioners*, supra. The claimant may also contest the validity of the levy, on the contention that it is an arbitrary and unreasonable division.

5. "The plaintiff had an adequate remedy at law; and having such, whether or not the fi. fa. was void, injunction was not an appropriate remedy. *Douglas* v. *Jenkins*, 146 *Ga.* 341 (91 S. E. 49, Ann. Cas. 1918C, 322); *Racine Iron Co.* v. *McCommons*, 111 *Ga.* 536 (36 S. E. 866, 51 L. R. A. 134)." *Campbell* v. *Drainage Commissioners*, supra.

ON MOTION FOR REHEARING.

6. Civil Code (1910) § 6029, which provides: "Where property is subject to a lien and part of it is sold by the debtor, the part remaining in him should be first applied to the payment of the lien. If the property subject to such lien is sold in several parcels at different times, the parcels should be charged in the inverse order of their alienation," has no application to the issues raised in this case, where a portion of a taxpayer's property was sold for taxes for the year 1929, and at the time of the sale the taxes were also due and unpaid for the year 1930, and it is sought to enjoin the sale of the same property for 1930 taxes.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 9633. JULY 12, 1933. REHEARING DENIED SEPTEMBER 14, 1933.

W. H. *Harris*, for plaintiff. Louis L. *Brown Jr.*, for defendant.

ON MOTION FOR REHEARING.

GILBERT, J. The plaintiff moves for a rehearing, insisting that the court overlooked "the main question in the case." Movant states: "Counsel is in perfect agreement with the court on the decision as made, if the case presented only the issue named therein," and "The overlooked portion of the petition is so important that if it were not actually in the case, the very foundation of the case, and *admittedly the only cause for injunctive relief* [italics ours], counsel could not make the certificate required in a motion for rehearing, for the decision would be in exact accord with counsel's view of the laws applicable to the facts as stated in the opinion." The main question to which movant refers is the con-

tention that Civil Code (1910) § 6029 is applicable to the facts of the case. That section is as follows: "Where property is subject to a lien and part of it is sold by the debtor, the part remaining in him should be first applied to the payment of the lien. If the property subject to such lien is sold in several parcels at different times, the parcels should be charged in the inverse order of their alienation." Movant cites a number of cases in which that section was applied, to wit, *Craigmiles. v. Gamble,* 85 *Ga.* 439 (11 S. E. 838); *Clark* v. *Monroe County Bank,* 33 *Ga. App.* 81 (125 S. E. 603); *Columbia Trust & Realty Co.* v. *Alston,* 163 *Ga.* 83 (135 S. E. 431); *Merchants National Bank* v. *McWilliams,* 107 *Ga.* 532 (33 S. E. 860); *Douglas* v. *Hannahatchee Ranch Corporation,* 168 *Ga.* 238 (147 S. E. 518). That code section was not overlooked, but at the time it was not deemed essential to specially deal with the question. However, the question will now be decided. At the threshold of the discussion it will be noted that the section in terms applies where property "is sold by the *debtor.*" All of the decisions cited by the movant were in cases where property encumbered by liens was sold by a *debtor. Craigmiles* v. *Gamble,* supra, from which the code section is said to have had its origin, was such a case. The decision in that case merely followed *Cumming* v. *Cumming,* 3 *Ga.* 460, also such a case. It is significant that in both the *Craigmiles* and the *Cumming* cases the first purchaser obtained a conveyance "containing a clause of warranty of the title against all persons claiming under" the grantor. Code § 6029 is based upon the manifest justice and equity that when an owner of land on which a lien has attached sells a part, there is left to him or his subsequent grantee a part which should first be subjected to payment of the lien. When a part of the land is sold for taxes, the State does not retain the portion not sold. That portion is in no way under the control of the taxing authority. The State is not concerned with the rights of the owners of the several portions of land with respect to which portion shall pay the taxes.

The sovereign State can not be hampered or bound in any way by the acts of the original owner of the land, or by any failure of such owner to act. The collection of taxes is essential to the life of the government. The government can not be delayed, and may levy upon any property subject to a tax for the collection

thereof. The lien for the tax remains on the property until the tax is paid. We think that no case will be found in the decisions of this court contrary to what is here stated. All of the cases to which the principles of the code section above mentioned have been applied were cases where the property had been sold, not by the taxing power, but by the owner, and in no case was the collection of the tax enjoined. No conflicting case has been cited; and if any should be discovered, such a decision would be contrary to the express language of the code section, not authorized thereby.

Finally, we think the question has been completely settled by the decision in *Decatur B. & L. Asso.* v. *Thigpen,* 173 *Ga.* 363 (150 S. E. 387), where it was held that a petition for injunction and cancellation of a deed under a tax sale was properly dismissed on demurrer. The provisions of Code, § 6029 were invoked. In that decision the court said: " 'Liens for taxes due the State or any county thereof, or municipal corporation therein, shall cover the property of taxpayers liable to tax, from the time fixed by law for valuation of the same in each year until such taxes are paid. . . Such liens for taxes are hereby declared superior to all other liens.' Civil Code (1910), § 3333. 'Taxes shall be paid before any other debt, lien, or claim whatsoever, and the property returned or held at the time of giving in, or after, is always subject.' Civil Code (1910), § 1140; *Verdery* v. *Dotterer,* 69 *Ga.* 194 (2). This applies to all property returned or held by a taxpayer that is subject to taxation under the constitution of this State. *Phœnix Mutual Life Ins. Co.* v. *Appling County,* 164 *Ga.* 861 (139 S. E. 674)." In the same opinion Code section 6029 was quoted; and with reference to its applicability, a case where the land had been sold for taxes, the court said: "This has been held to be a rule of contribution among purchasers, and does not affect the right of a creditor to levy upon any of the parcels subject to the execution. *Hollinshed* v. *Woodard,* 124 *Ga.* 721 (52 S. E. 815). *Much less would it affect the right of the State and county to levy upon any of the parcels for taxes.* This does not conflict with the decisions of this court in *Merchants National Bank of Rome* v. *McWilliams,* 107 *Ga.* 532 (33 S. E. 860), *Columbia Trust & Realty Co.* v. *Alston,* 163 *Ga.* 83 (135 S. E. 431), *Herrington* v. *Parham,* 166 *Ga.* 204 (142 S. E. 858), *Douglas* v. *Hannahatchee Ranch Corporation,* 168 *Ga.* 238 (147 S. E. 518), and similar cases where

the contest was between purchasers from a common grantor and transferees of tax executions against the common grantor, and did not involve the right of a creditor of such common grantor." In that case the sale had already taken place, and the petitioner was seeking to have the sale declared void. The court held: "Equity will not decree the sale for taxes to be void, in a suit by the holder of the security deed, on the grounds . . (c) that other property of the defendant had been sold for taxes for the year next preceding the year of the taxes in question; (d) that the conveyance to petitioner was the first conveyance of several parts of the same property, and the lien should be discharged by the several properties in the inverse order of the dates of the sales."

Movant cites the Civil Code (1910), § 1167, as follows: "Sales under tax fi. fas. shall be made under the same rules governing judicial sales;" and § 1176, as follows: "The deed or bill of sale made by such officer shall be just as valid to the purchaser as if made under the ordinary process of law issuing from the superior court." Neither of these sections affects the question here involved. "A sale regularly made by virtue of judicial process issuing from a court of competent jurisdiction shall convey the title as effectually as if the sale were made by the person against whom the process issues." Civil Code (1910), § 6051. It is well settled that a judicial sale of property does not divest it of a lien for taxes. *Miller* v. *Jennings,* 168 *Ga.* 101 (147 S. E. 32), and cit.; *Gledney* v. *Deavors,* 8 *Ga.* 479. As to administrator's sale, see *Herrington* v. *Tolbert,* 110 *Ga.* 528 (35 S. E. 687). A deed made pursuant to a tax sale is just as valid as one made pursuant to a judicial sale, except as to the right of redemption. In either case the purchaser takes the property subject to the lien for taxes, until the tax is paid. Civil Code (1910), § 6054. *Boyd* v. *Wilson,* 86 *Ga.* 379 (12 S. E. 744), does not decide anything contrary thereto. The purchaser, in this instance, by the exercise of ordinary diligence must have known, in fact does not deny knowledge, that the tax lien for the year 1930 was unpaid and outstanding.

*Rehearing denied. All the Justices concur, except Hill, J., absent because of illness.*