## First National Bank and Trust Company *v.* Phœnix Mutual Life Insurance Company.

Gilbert, J. 1. The Civil Code (1910), § 1163, provides: "No replevin shall lie, nor any judicial interference be had, in any levy or distress for taxes under the provisions of this Code, but the party injured shall be left to his proper remedy in any court of law having jurisdiction." *Harris Orchard Co.* v. *Tharpe*, 177 *Ga.* 547 (170 S. E. 811).

2. "'When property is levied on under a tax fi. fa. issued either by the comptroller-general or tax-collector, it may be claimed by a third person and tried in the same manner as other claims are, except that the claimant shall give bond and security for the eventual condemnation-money; and if found subject, such claimant and his sureties shall be in all respects liable as on an appeal bond.' Civil Code (1910), § 1159; *Campbell* v. *Drainage Commissioners*, 156 *Ga.* 64 (118 S. E. 720), and cit.; *Herrington* v. *Ashford*, 157 *Ga.* 810 (122 S. E. 197)." *Harris Orchard Co.* v. *Tharpe*, supra.

3. "'The plaintiff had an adequate remedy at law; and having such, injunction was not an appropriate remedy. *Douglas* v. *Jenkins*, 146 *Ga.* 341 (91 S. E. 49, Ann. Cas. 1918C, 322); *Racine Iron Co.* v. *McCommons*, 111 *Ga.* 536 (36 S. E. 866, 51 L. R. A. 134).' *Campbell* v. *Drainage Commissioners*, supra." *Harris Orchard Co.* v. *Tharpe*, supra.

4. It is contended that in virtue of the act of 1933 (Ga. Laws 1933, p. 50), amending the act of 1931, pp. 122, 123, the court erred in not granting the injunction prayed for. Neither of those acts is mentioned either in the bill of exceptions or the record. If applicable to the case, the question could have been fully adjudicated by filing a claim as provided in the Civil Code (1910), § 1159.

5. For the reasons above stated, the court did not err in refusing to enjoin the sale of the property for the purpose of paying taxes for 1929 and 1930.     *Judgment affirmed. All the Justices concur.*

No. 10100.     April 10, 1934.     Adhered to on rehearing, June 16, 1934.
Rehearing denied July 12, 1934.

*C. C. Crockett,* for plaintiff.
*Williams & Freeman,* for defendant.