## Lightner *et al.* v. Belk.

Bell, J. 1. In a suit against a sheriff and others, to enjoin a sale under execution, where the sheriff was joined as a party merely because he was the officer who made the levy, he was only a formal party without interest, and was not disqualified from serving the process upon the other defendants. *Coker* v. *Montgomery,* 110 *Ga.* 20 (35 S. E. 273); *Reynolds & Hamby Co.* v. *Martin,* 116 *Ga.* 495 (42 S. E. 796); *Railroad Commission* v. *Palmer Hardware Co.,* 124 *Ga.* 633 (4), 640 (53 S. E. 193); *Ruis* v. *Lothridge,* 149 *Ga.* 474 (100 S. E. 635); *Bank of East Point* v. *Dupre,* 152 *Ga.* 547 (2) (110 S. E. 240); *Herrington* v. *Bryan,* 169 *Ga.* 382 (150 S. E. 555); *Wynn* v. *Maddox,* 33 *Ga. App.* 87 (125 S. E. 516).

2. Where, after the sale of a tract of land under a power of sale contained in a security deed, one claiming as a transferee of a tax execution issued against the maker of the security deed caused the land to be levied on for the purpose of satisfying such execution, the purchaser at the sale under power was not entitled to the remedy of injunction to prevent the enforcement of the execution upon the grounds that it was fully paid and satisfied by the defendant therein before the transfer, and that such defendant and the transferee, both of whom were insolvent, had obtained the transfer for the purpose of defrauding the plaintiff. In these circumstances the plaintiff had a complete and adequate remedy at law by filing a claim to the property, in which proceeding payment as well as any other fact by reason of which the property was not subject could be shown. *Winship* v. *Phillips,* 54 *Ga.* 237; *Sterling* v. *Arnold,* 54 *Ga.* 690 (5); *Huff* v. *Ripley,* 58 *Ga.* 11, 14; *Douglas* v. *Jenkins,* 146 *Ga.* 341 (91 S. E. 49, Ann. Cas. 1918C, 322); *Williams* v. *Smith,* 148 *Ga.* 615 (97 S. E. 670); *Campbell* v. *Board of Drainage Commissioners,* 156 *Ga.* 64 (118 S. E. 720); *Herrington* v. *Ashford,* 157 *Ga.* 810 (122 S. E. 197); *Eslinger* v. *Herndon,* 158 *Ga.* 823 (124 S. E. 169, 900); *City of Winder* v. *Winder National Bank,* 162 *Ga.* 354 (2) (133 S. E. 920); *Harris Orchard Co.* v. *Tharpe,* 177 *Ga.* 547 (170 S. E. 811).

3. Nor was the plaintiff entitled to equitable relief by reason of the additional facts that he had sued out a distress warrant against the maker of the security deed and his wife, who were respectively the defendant in the tax execution and the purported transferee, and that they had filed an answer denying the right of the plaintiff either to the rents or to the possession of the property; it not appearing that the issues made

by the distress warrant and the answer thereto can not be adequately adjudicated in the court of law in which the same are pending.

4. The petition did not show cause for consolidation or for injunction to prevent a multiplicity of actions, the issues in the distress warrant proceeding not being related to that arising upon the levy of the tax execution. Civil Code (1910), §§ 5419, 5469 (2), 5520; *City of Dalton* v. *Elk Cotton Mills*, 146 *Ga.* 89 (90 S. E. 718); *Gulf Refining Co.* v. *Miller*, 151 *Ga.* 721 (2) (108 S. E. 25); *Dunbar* v. *Hancock*, 163 *Ga.* 371 (136 S. E. 137).

5. Whether or not the tax execution and the record of the same, with the transfer, upon the general execution docket would constitute a cloud upon the plaintiff's title (*Mayor &c. of Gainesville* v. *Dean*, 124 *Ga.* 750 (2), 53 S. E. 183), the present case falls within the general rule "that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege and prove possession in himself." *Mentone Hotel Co.* v. *Taylor*, 161 *Ga.* 237 (130 S. E. 527).

6. The court erred in granting an interlocutory injunction.

*Judgment reversed. All the Justices concur.*

No. 9861. APRIL 13, 1934.

*Jesse J. Bull* and *Jared J. Bull,* for plaintiffs in error.
*B. F. Neal,* contra.