## MORRIS v. INTERSTATE BOND COMPANY.

No. 10777. JUNE 12, 1935.

*R. Earl Camp* and *John M. Slaton,* for plaintiff in error.

*Jones, Powers & Williams* and *Blackshear & Blackshear,* contra.

BELL, Justice. Tax executions were issued by the tax-collector of Laurens County against T. B. Hicks for state and county taxes for the years 1927 and 1928. The City of Dublin also issued an

execution for city taxes due by Hicks for the year 1927. All of these executions were duly transferred to Interstate Bond Company, and the executions with the transfers were duly recorded, in the years 1928, 1929, and 1930, respectively. In 1925 Hicks executed and delivered to Pinetucky Land Company a deed conveying certain hotel property situated in the City of Dublin, to secure an indebtedness. In January, 1930, the property was sold under a power contained in the security deed, and G. T. Morris was the purchaser. In April, 1934, Interstate Bond Company caused the executions to be levied on the hotel property, and a claim was filed by Morris. By consent the case was tried before the judge without a jury. The judgment was in favor of the transferee bond company, and the claimant excepted. For convenience the following statement and discussion will deal with the case as if only the execution issued by the tax-collector for state and county taxes for the year 1927 were involved, the several executions having been treated alike in the arguments of counsel.

The case was tried upon an agreed statement from which the following facts appear: The execution constituted a lien upon several other tracts of land and some personal property, all located in this State and returned for taxation by Hicks in the year 1927. The execution was transferred to the Interstate Bond Company at the request of Hicks, the tax debtor, and in pursuance of a contract in which for certain considerations the bond company agreed to pay the amount of the execution, obtain a transfer thereof, and then to refrain from enforcing the execution for a stipulated period of time. This period had expired long before the execution was levied upon the hotel property. Prior to the date of the levy, Morris, the claimant tendered to the bond company, as transferee, the portion of the tax applicable to this property according to value, and demanded a release of such property from the lien of the execution, which demand the bond company refused. In making such demand Morris was relying upon the act of August 25, 1931 (Ga. L. 1931, p. 122), providing that any party having an interest in property returned or assessed with other property for taxation shall be allowed to pay the taxes assessed against any one or more pieces of the property in which he is so interested, and obtain a release as to such property; and also upon the act of March 24, 1933 (Ga. L. 1933, p. 50), amending the act of 1931 so as to provide that it

should apply to taxes accruing before its passage as well as afterwards. In aid of the levy, the bond company filed an "amendment" in which it pleaded that the acts of 1931 and 1933, as applied to the tax execution held by it as transferee, were unconstitutional and void as impairing the obligation of its contract, in violation of the State and Federal constitutions. Code of 1933, §§ 2-302, 1-134. The judge agreed with this contention, and expressly put his judgment in favor of the bond company on that ground.

A statute which changes or affects the remedy only and does not destroy or impair vested rights is not unconstitutional as impairing the obligation of a contract, although it may be retroactive and in changing or modifying the remedy the rights of parties may be incidentally affected. *Bacon* v. *Savannah,* 105 *Ga.* 62 (31 S. E. 127). Numerous authorities to this effect might be cited. The question for decision, then, is whether the acts of 1931 and 1933 had the effect of impairing any vested right of the bond company. Under the law as it existed before the passage of these statutes, the lien of the tax execution could be enforced against any property of the defendant in fi. fa. Civil Code of 1910, §§ 1140, 3333; *Decatur County Building & Loan Asso.* v. *Thigpen,* 173 *Ga.* 363, 364 (160 S. E. 387); *Federal Land Bank* v. *Farmers & Merchants Bank,* 177 *Ga.* 505 (3) (170 S. E. 504). Under section 1145 of the Code of 1910, the transfer of the execution was authorized, and the transferee was given "the same rights as to enforcing said execution and priority of payment as might have been exercised or claimed before said transfer." The transfer was made in behalf of the State and the county, and amounted to a contract between the State and the transferee. The transferee also held a contract with the tax debtor confirming the lien as between themselves. A contract between the State and an individual is protected by the constitutional prohibition here invoked. *Winter* v. *Jones,* 10 *Ga.* 190 (4) (54 Am. D. 379); Fletcher *v.* Peck, 10 U. S. 87 (3 L. ed. 162). In 12 C. J. 965, § 522, it is stated: "By the great weight of authority, a lien once acquired under existing law is regarded as a vested property right which may not be impaired by subsequent legislation." Such is the rule in this State. In *Waters* v. *Dixie Lumber Co.,* 106 *Ga.* 592 (32 S. E. 636, 71 Am. St. R. 281), this court held that "When the lien of a materialman has, under the terms of the statute, become fixed and secured, such lien is then a

vested right; and no subsequent repeal or modification of the act under which it became fixed can destroy or modify such right." In *Bush* v. *Lester,* 55 *Ga.* 579 (3), it was held that the lien of a judgment was not affected by increased exemptions provided for the debtor by a subsequent constitution. The ruling in that case was in accordance with the decision of the United States Supreme Court in Gunn *v.* Barry, 15 Wall. 610 (21 L. ed. 212), reversing *Jones* v. *Brandon,* 48 *Ga.* 593. See also *Forsyth* v. *Marbury,* R. M. C. 324; *Herrington* v. *Godbee,* 157 *Ga.* 343 (121 S. E. 312). In *Virginia-Carolina Chemical Co.* v. *Floyd,* 159 *Ga.* 311 (125 S. E. 709), it was held that where a security deed with power of sale was executed in 1920, a sale under power in the year 1923 vested in the purchaser title to the growing and unmatured crops planted and cultivated prior to the sale but during that year, notwithstanding the act of August 21, 1922 (Ga. L. 1922, p. 114), declaring that growing crops shall be personalty. It was said that "to hold otherwise would place upon the act referred to above such a construction as would render it unconstitutional and void, on the ground that it is obnoxious to the constitutional provision inhibiting laws that impair the obligation of contracts." In Walker *v.* Whitehead, 83 U. S. 314 (21 L. ed. 357), it was stated that the laws which exist at the time of the making of a contract, and in the place where it is made and to be performed, enter into and become a part of it. See also *Aycock* v. *Martin,* 37 *Ga.* 124 (92 Am. D. 56); Edwards *v.* Kearzey, 96 U. S. 595 (24 L. ed. 793). So, in the present case, the law as stated in section 1145 of the Code of 1910, to the effect that the transferee of a tax execution should have the same rights as to enforcement and priority of payment as might have been exercised or claimed before the transfer, became to all intents and purposes a part of the contract between the State and the bonding company, by which the execution was transferred to this company. The lien of the execution attached to all property of the tax debtor situated in this State, and under the law existing at that time the transferee could not have been forced to release the lien on any part of the property on payment of the tax directly applicable thereto, and thus compelled to resort to other property for satisfaction of the remainder. Its right to proceed against any portion of the property was a vested right under the contract of transfer, and could not be impaired by subsequent legis-

lation. In *Ross* v. *Lettice,* 134 *Ga.* 866 (68 S. E. 734, 137 Am. St. R. 281), it was said: "An act of the General Assembly which creates a new obligation and imposes a new duty in respect to transactions or considerations already passed is retroactive in character, and in violation of article 1, section 3, par. 2, of the constitution which forbids the General Assembly to pass a retroactive law." ' The right of the State to waive liens in behalf of itself or its subdivisions (*Tyner* v. *Winslett,* 174 *Ga.* 267, 275 (162 S. E. 807)), can not be exercised by legislative action so as to infringe upon the lien to which a *transferee* has become entitled under previous law.

There is no merit in the contention that the transferee can not question the constitutionality of the acts of 1931 and 1933, without showing that the application of these statutes would result in loss or damage to it. The transferee had to show only that a right vested in it by the contract would be impaired. *Winter* v. *Jones,* supra; *Virginia-Carolina Chemical Co.* v. *Floyd,* supra. If the claimant had sought to obtain an equitable marshaling of assets, the question of actual damage might have been material, with the burden of proof, however, seemingly on the claimant himself. But the case is not one in equity. The claimant sought merely to enforce certain statutes which the transferee contends are invalid. Its interest in the subject-matter was such that it could raise the constitutional question; and we agree that such statutes are invalid as applied to the antecedent transfer of the execution. The constitutional question was not raised in *First National Bank* v. *Phœnix Mutual Life Ins. Co.,* 179 *Ga.* 74 (175 S. E. 361). On the general subject see the following recent decisions by the Supreme Court of the United States: Home Building Asso. *v.* Blaisdell, 290 U. S. 398 (54 Sup. Ct. 231) ; Worthen Co. *v.* Thomas, 292 U. S. 426 (54 Sup. Ct. 816) ; Worthen Co. *v.* Kavanaugh,     U. S.     (55 Sup. Ct. 555) ; Louisville Joint Stock Land Bank *v.* Radford,     U. S. (55 Sup. Ct. 854).

*Judgment affirmed. All the Justices concur.*