COUNTY OF BIBB *et al. v.* MORTGAGE BOND CO.

No. 11480. NOVEMBER 11, 1936. REHEARING DENIED DECEMBER 11, 1936.

*James C. Estes,* for plaintiffs in error.
*Carlisle & Bootle,* contra.

HUTCHESON, Justice. Jordan Realty Company returned divers pieces of property for taxation in Bibb County for the years 1931 and 1932, among which was the property in controversy purchased by the Mortgage-Bond Company of New York, on January 9, 1933. On December 21, 1931, execution issued for the taxes assessed against all the property returned by Jordan Realty Company for that year, and similar execution for 1932 taxes was issued on December 20, 1932. On September 6, 1933, both fi. fas. were levied upon the property so purchased. After advertisement the property was knocked off at sheriff's sale to Bibb County for the principal amount of the tax fi. fas., plus interest and costs. The sheriff executed a deed to the county, but it has never been delivered. The county has not paid the amount of its bid or any

part thereof, nor have the proper officials of the county caused any warrant to issue for the payment of the bid or any part thereof. Subsequently to the sale the Mortgage Bond Company tendered to the sheriff the amount of the taxes assessed against the property levied on, according to the valuation shown by the return and assessment, together with interest and costs, and demanded that the sheriff execute to it a release, as provided in the Code, § 92-5712, of the property from the lien of the tax executions. The sheriff refused to do so. This company thereupon brought its equitable petition against the sheriff and Bibb County, setting out the facts, made tender, attacked the levy as void for excessiveness, and prayed that the defendants be enjoined from completing the tax sale by delivery of the deed and payment of the bid, and that the property be released from the lien of the tax executions. The defendants demurred generally and specially to the petition. The demurrers were overruled, and defendants excepted.

1. If, under the Code, § 92-5712 (Ga. L. 1931, pp. 122, 123, as amended, Ga. L. 1933, p. 50), the petitioner would have been entitled to pay the pro rata part of the taxes assessed against the property purchased by petitioner subsequently to the issuance of the tax fi. fas., it had, on the levy of these fi. fas. upon the property purchased, an adequate remedy at law by claim under the Code, § 92-7801. *First National Bank & Trust Co.* v. *Phœnix Mutual Life Insurance Co.,* 179 *Ga.* 74 (4) (175 S. E. 361). The failure to employ such remedy at the proper time does not afford petitioner ground for equitable relief. Code, § 55-103; *Dulin* v. *Caldwell,* 28 *Ga.* 117; *Moore* v. *Atlanta,* 70 *Ga.* 611; *Bostwick* v. *Perkins,* 1 *Ga.* 136, 137; *Gentle* v. *Atlas Savings & Loan Asso.,* 105 *Ga.* 406 (31 S. E. 544); 21 C. J. 47, § 23, n. 7.

2. If the levy was excessive and for that reason void, the petitioner had an adequate remedy at law under a claim filed pursuant to § 92-7801, supra. *Harris Orchard Co.* v. *Tharpe,* 177 *Ga.* 547 (4) (170 S. E. 811, 88 A. L. R. 1212); *Brantley* v. *Hicks,* 177 *Ga.* 812 (171 S. E. 451); *Lightner* v. *Belk,* 178 *Ga.* 766 (2) (174 S. E. 349); *Douglas* v. *Jenkins,* 146 *Ga.* 341, 343 (91 S. E. 49, Ann. Cas. 1918C, 322).

3. No reason being alleged why the petitioner failed to pursue its legal remedy at the proper time, the petition failed to set forth a cause of action for the relief prayed for, and the judge erred in

404

overruling the general demurrers. The fact that the sale under the tax fi. fas. had not been completed by a delivery to the county of the tax deed and a payment by the county of the amount of its bid is not such an intervening equity, under the facts of this case, as would entitle the, petitioner to come into a court of equity. Whether the petitioner may yet have the remedy of claim is not decided.

4. The judgment being reversed on the grounds set forth above, it is not necessary to pass upon the grounds of special demurrer.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*