SMITH, tax-collector, *v.* DEES *et al.*

92  549⎰
124 807⎱

If by express legislative enactment a particular lot of land described by number be withdrawn from one county and added to another, failure to observe and conform to the changed boundary between the two counties for nearly forty years, and a continuous acquiescence in and observance of the old boundary for the same period, on the part of the corporate authorities of the counties respectively and on the part of the inhabitants and public officers, in rendering and exacting public duties, taxes, etc., will not prevent a recognition of the true boundary as established by the enactment, or interfere with the assessment and collection of taxes accordingly by the county in which the tract of land is actually situate. This being so, the tax-collector of the other county may be restrained by injunction from collecting taxes which would be due to it were the tract in that county, but which are not due because of its being in the adjoining county. The act referred to is that which relates to the counties of Worth and Dougherty. See Acts 1854, p. 319.                    *Judgment affirmed.*
July 24, 1893.

Petition for injunction. Before Judge Bower. Dougherty county. December 6, 1892.

Lee Dees and others filed their petition against the tax-collector of Worth county, asking that he be restrained from collecting of them taxes claimed by that county. The cause was submitted to the judge upon the petition and answer, and he granted a perpetual injunction.

The petition alleged: Petitioners are citizens of the city of Acree and of that portion of said city situated on land lot 414 in 7th district of what was originally Irwin and afterwards Worth county. By an act of the legislature in 1854 said lot was transferred from Worth county to Dougherty county. Petitioners have resided on the lot for several years under the honest belief that it was in Worth county, and only a few months ago learned that it was not. Before they learned of their mistake they had returned their property located on the lot to the tax-receiver for Worth county, the board of equalization of Worth county had assessed it for taxation, the proper authorities of Worth county had levied a tax upon it, and the tax-books of the county are now in the hands of the tax-collector who will, unless restrained, proceed to issue executions for the collection of the taxes on the property of petitioners. Because of the act of 1854, the board of equalization of Dougherty county have assessed petitioners' said property for taxation in Dougherty county the present year, and so it happens that the property is assessed for taxation in both of these counties.

The defendant answered: He and his counsel are unable to find any act repealing the act of 1854, by which the lot was cut off from Worth county and added to Dougherty county. It is true he will, if not restrained, issue execution against petitioners to enforce collection of taxes as alleged by them for Worth county, if they

are not voluntarily paid.   The town of Acree is almost all on said lot and many families live thereon.   The lot has thus been settled, and all the people who live and have lived thereon have claimed and regarded the lot as being in Worth county, have voted, paid taxes, served on the juries, worked on the roads and have sued and been sued in Worth county for the past twenty-two years, and ever since the town has been settled.   It has been the justice court precinct for that part of Worth county for the last four years.   The legislature incorporated the town of Acree on said lot as being in Worth county.   Wherefore defendant on these facts says, that by acquiescence, consent and prescription, said lot of land belongs to Worth county, and petitioners and all others living on the lot are liable for their taxes to Worth county and not to Dougherty county.

D. H. Pope, for plaintiff in error.   S. J. Jones, contra.